A90A0868. DEPARTMENT OF TRANSPORTATION v. MILLS et al.

(398 SE2d 218)

McMURRAY, Presiding Judge.

The subject tract in this condemnation action consisted of 3.723 acres on the corner of Seayes Road and Austell Road in Cobb County. Condemnor Department of Transportation took 0.320 acres, a strip 25 to 47 feet wide, to improve Austell Road. Condemnor's estimate of adequate compensation deposited in the trial court was $78,325. The condemnees appealed the matter to a jury which awarded compensation of $359,200. Condemnor appeals. *Held*:

1. Condemnor's first enumeration of error contends that the trial court erred in excluding from evidence an exhibit tendered by condemnor. The exhibit in question had apparently been acquired by condemnor during the deposition of a professional appraiser, Pritchett, who subsequently testified at trial for one of the condemnees, the owner of the encumbered fee. Pritchett was cross-examined at length concerning the exhibit which showed a lower value for the taking and some differences in underlying assumptions when compared with his testimony on direct examination. When cross-examined concerning the origins of the exhibit, Pritchett first stated that it had been done

in connection with an estate appraisal but later stated that it gave a preliminary opinion as to the values of the taking. It was consistently stated that the exhibit was not an estimate of value at the date of the taking but related to some unspecified prior time.

Condemnor contends the trial court erred in refusing to admit the exhibit into evidence so that it could be sent out with the jury in its deliberations. Condemnor argues that the exhibit was a prior inconsistent statement and admissible under *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717), and its progeny.

Under similar circumstances in *Brookhaven Assoc. v. DeKalb County*, 187 Ga. App. 749 (1) (371 SE2d 231), we pointed out that a prior inconsistent statement is one that is contradicted by a later statement on the same issue but that such does not occur when two different time frames and sets of circumstances are involved. Thus, the exhibit was not a prior inconsistent statement when viewed in relation to Pritchett's direct testimony as to the value of the taking *at the time of the actual taking*, therefore was not admissible for impeachment purposes or as substantive evidence under *Gibbons*. Nor was the exhibit, which was not associated with any specific time, otherwise subject to consideration by the jury. This irrelevant matter was properly excluded.

2. Witness Bordon had been "in property management with Citizen's and Southern Trust Company," one of the co-trustees of the estate which owned the encumbered fee simple title to the property taken, for the preceding 11 years. Bordon had some knowledge of the subject property for the last four or five years, was familiar with the rental history of the subject property, and sometimes had occasion to look into alternative investments for the estate which owned the subject property and for other estates.

Condemnor contends that it was error to admit into evidence, over its objection that no foundation had been laid, the opinion of witness Bordon as to the value of the property taken. Also enumerated as error is the trial court's refusal to strike Bordon's opinion as to value after it was established upon cross-examination that such represented undepreciated replacement cost of a convenience store structure which Bordon viewed as having been made useless when the taking eliminated most of the store-front parking.

Pretermitting the issue raised as to the sufficiency of the foundation for the admission into evidence of Bordon's opinion as to the value of the property taken, we find that the trial court erred when it declined to strike that testimony upon its being revealed to be undepreciated replacement cost of a building. While the loss of use of the building would be a proper element of consequential damages, the fair market value of the building is not demonstrated, save perhaps in the instance of a new building which this was not, by evidence of re-

placement cost, absent evidence of depreciation. The admission of the evidence of replacement cost, absent depreciation, was irrelevant and misleading to the jury and should have been stricken. *Metropolitan Atlanta Rapid Transit Auth. v. Dendy*, 250 Ga. 538 (299 SE2d 876).

3. Condemnor's remaining enumeration of error need not be addressed as it is unlikely to recur upon retrial of the case.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990 —
REHEARING DENIED OCTOBER 11, 1990 — 

*Michael J. Bowers, Attorney General, Evans & Flournoy, Charles A. Evans*, for appellant.

*Chamberlain, Hrdlicka, White, Johnson & Williams, Richard N. Hubert, Jimmy W. Jones*, for appellees.