### 37020. EXECUTRIX OF THE ESTATE OF SEAMANS et al. v. TRUE et al.

Jordan, Chief Justice.

The Executrix of the Estate of J. O. Seamans, et al., as owners of lots in the Village Bluff subdivision, St. Simons Island, filed a complaint in the Glynn Superior Court alleging that the Georgia-Kentucky Co. had recorded the Village Bluff Subdivision Plat in 1922 designating an area of the subdivision as a "Club Reservation"; that, as a result of the recording of the plat and "recitals" in their deeds, the plaintiffs were entitled to the full use of the "Club Reservation" except for its use as a clubhouse for the benefit of the purchasers of subdivision lots; that the Georgia-Kentucky Co. had sold part of the "Club Reservation" to an individual to whose title the defendants, Mary D. True and Arthur True had succeeded; that said defendants had attempted to erect a fence barring the plaintiffs from access to their part of the "Club Reservation"; and, that the plaintiffs were entitled to an injunction against the defendants' violating their rights to the "Club Reservation."

The plaintiffs also alleged that they were entitled to an injunction against the defendants' barring their access to the defendants' part of the "Club Reservation" because the Georgia-Kentucky Co. had sold the subdivision lots on the "representation" that the area designated as the "Club Reservation" would be a site for the benefit of purchasers of subdivision lots.

Mary D. True and Arthur True filed a motion for summary judgment which the trial court granted. Plaintiffs appeal. We reverse.

1. The plaintiffs argue that the trial court erred in failing to certify the present cause of action as a class action.

A trial court does not abuse its discretion in failing to certify, as a class action, a cause of action (such as the present cause of action) in which the plaintiffs do not file a motion to have the action so certified.

This enumeration of error is without merit. See, Code Ann. § 81A-123 (a); *Hill v. General Finance Corp.,* 144 Ga. App. 434 (241

SE2d 282) (1977).

2. The plaintiffs argue that the trial court erred in granting the defendants' motion for summary judgment.

The plaintiffs' complaint states a claim for the enforcement of both an express and an implied easement upon which relief can be granted. Regarding implied easements, see, *Walker v. Duncan,* 236 Ga. 331, 332 (223 SE2d 675) (1976); *Stanfield v. Brewton,* 228 Ga. 92 (184 SE2d 352) (1971).

The defendants argue however that the evidence offered in support of their motion for summary judgment sustains the trial court's grant of said motion because it establishes, without contradiction, that the plaintiffs abandoned the alleged easements by non-use; that the plaintiffs were divested of title to the alleged easements by the defendants' adverse possession of the easements for seven years, and that the plaintiffs were barred from enforcing the alleged easements by laches.

"[M]ere non-user [of an easement] for twenty years affords a presumption, *though not a conclusive one,* of extinguishment, even in cases where no other circumstances indicating an intention to abandon appears. . . ." *Gilbert v. Reynolds,* 233 Ga. 488, 493 (212 SE2d 332) (1975).

The defendants swore that "no public use has ever been made of the . . . 'Club Reservation', other than casually and intermittently"; and that "since [their] acquisition of the property in 1958, [they] have exercised the prerogatives of ownership in regard to [their part of the Club Reservation] by fencing in said property, cleaning it up periodically, and depositing concrete blocks and other items along the edge of the bluff on Village Creek so that said bluff will not erode."

The defendants' evidence does not demand a finding either that the plaintiffs had not used their alleged easements or that non-use had continued for the necessary twenty years.

Accordingly, we hold that the defendants' evidence does not demand a finding that the plaintiffs had abandoned their alleged easements.

"Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right." Code Ann. § 85-402.

The defendants' evidence does not demand a finding that the defendants have possessed the alleged easement either exclusively or continuously or for the necessary period of years.

Finally, "[T]he extraordinary equitable relief of injunction will

be denied a party where, with full knowledge of his rights, he has been guilty of delay in asserting them, and has allowed large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction." *Bacon v. Edwards,* 234 Ga. 100, 102 (214 SE2d 539) (1975).

The defendants' evidence does not demand a finding either that the plaintiffs delayed in filing their complaint on July 27, 1979, or that the plaintiffs allowed large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction.

Accordingly, we hold that the defendants failed to pierce the plaintiffs' complaint and that the trial court erred in granting the defendants' motion for summary judgment.

3. The defendants note the absence of a transcript of the hearing on the motion for summary judgment and argue that this court must assume that evidence was presented at said hearing and that said evidence was sufficient to support the trial court's grant of summary judgment.

The trial court's order granting the defendants' motion for summary judgment states that the grant was based upon the pleadings of the parties and the affidavit of Arthur True. Accordingly, we do not assume that evidence was presented at the motion for summary judgment hearing. This argument is without merit.

4. The defendants argue that the trial court's grant of their motion for summary judgment was warranted by either Code Ann. § 29-301 ("covenants restricting lands to certain uses shall not run for more than twenty years in municipalities which have adopted zoning laws, nor in those areas in counties for which zoning laws have been adopted") or Code Ann. § 3-717 ("all actions for breach of any covenant restricting lands to certain uses shall be brought within two years after the right of action shall have accrued.").

These Code sections limit the enforceability of restrictive covenants and hence are inapplicable to the present cause of action which is based upon the alleged existence of easements.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 23, 1981.

*Q. Robert Henry,* for appellants.
*Fleming Martin,* for appellees.