**In re Christopher EUERLE, Debtor.**

**Bankruptcy No. 83–549.**

United States Bankruptcy Court,
D. New Hampshire.

Feb. 10, 1987.

Nancy Michels, Londonderry, N.H., trustee.

Robert Koch, Concord, N.H., Former Attorney for debtor.

Stephen Goldman, Concord, N.H., for debtor.

Deborah Reynolds, Plymouth, N.H., for R.P. Williams and Sons (creditor).

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This Chapter 13 case is before the court on the trustee's motion to modify the confirmed plan filed by this debtor. The court entered an order confirming the plan in March of 1985 on the recommendation of

the trustee. The confirmation order was entered without any hearing, inasmuch as no creditor had objected to the plan.

The plan as filed and confirmed provides for payments over a five year period in which certain tax claims were to be paid off first with the unsecured creditors, totalling some $9,000, to be paid at the end of the plan. The plan is a five year plan and the trustee is just now on the verge of shifting from payment of the priority tax claims to beginning the payments to the unsecured creditors. The plan payment is $222 per month. Those payments until the end of the plan period will provide a distribution of approximately 73% to the unsecured creditors after deduction of the trustee's fees and costs.

The Chapter 13 petition was filed by the debtor on December 28, 1983. In October of 1984 the debtor's father died, leaving an estate which will ultimately produce a net of approximately $300,000 in distribution to the debtor. He has already received some $160,000 from the estate. He has approximately $50,000 of this distribution invested in certificates of deposit, earning interest at market rates, and has invested the balance of his first distribution in real estate and a new car and other purchases. The trustee was not advised by the debtor of his inheritance prior to the time that she submitted the order of confirmation of the debtor's plan. She did learn of the inheritance sometime during the past year.

If these were the only facts the court would have little question that the trustee's motion should be granted and the debtor required to pay a 100% dividend to the unsecured creditors by virtue of his dramatic change in financial condition and circumstances. See *In re Koonce*, 54 B.R. 643, 13 B.C.D. 949 (Bkrtcy.D.S.C.1985) (debtor winning state lottery after confirmation of Chapter 13 Plan justifies modification for 100% payment to creditors).

█ The debtor contends however that modification of a plan after confirmation under § 1329 of the Bankruptcy Code is appropriate only when there is a *unanticipated* increase in the debtor's financial condition. Cf. *Collier On Bankruptcy*, § 1329.01[1][a] (15th Ed., 1986). The debtor took the stand and testified that through his former counsel "the creditors" were advised of the inheritance and were asked to hold off until the debtor received his distribution from the estate. He testified that they refused and therefore he went forward with the plan. He did not controvert the fact that the trustee was not advised of the inheritance. Since the inheritance clearly became "property of the estate" under the provisions of §§ 541(a)(5) and 1306(a)(1) of the Bankruptcy Code, the debtor apparently was obligated not only to advise the trustee but also to file a supplemental schedule listing this additional asset. See *Bankruptcy Rules*, Rule 1007(h). No such supplemental schedule was filed in this case.

On cross-examination it developed that only "major creditors" apparently were advised of the inheritance. One unsecured creditor, R.P. Williams & Sons, Inc., appeared at the hearing and stated that they had never heard of the inheritance prior to the confirmation of the plan. The debtor's former counsel was not called to testify and the court does not have any specific evidence as to the exact representations made and any offers or refusals involving any particular creditor.

█ On these facts the court concludes that the trustee's motion should be granted. The trustee shall submit within ten days a form of order in accordance with this opinion increasing the monthly plan payments by such amount as will produce full payment to the general unsecured creditors over the remaining plan period. Such full payment shall include interest at 12 percent on the principal balance for the period March 18, 1985 through February 3, 1987; with such amount added to principal; and with 10 percent interest upon the aggregate balance until paid in full.

The court will also by separate order set down a hearing, on notice to the debtor and the former counsel for the debtor, as to whether sanctions should be imposed for

the apparent failure to file a required supplemental schedule as indicated above.