74290. THOMAS v. BARTLETT.
(359 SE2d 156)

BIRDSONG, Chief Judge.

Appellant Blake Thomas d/b/a Positive T-Shirt, is in court by virtue of a dispossessory action filed by his landlord, appellee Frank Bartlett, in January 1984. The jury found Thomas to be a tenant holding over, specified rent due and gave the landlord possession. Thomas appeals, principally upon the trial court's refusal to add, as party defendant, Atlanta Economic Development Corp. (AEDC), and its refusal to allow Thomas to make counterclaims and defend as a third-party beneficiary of an alleged loan commitment contract and letters pertaining thereto, between appellee landlord and AEDC. The

appellee makes a motion for penalty for frivolous appeal. *Held*:

The appellant makes no statement of facts and issues pursuant to Rule 15 (a) of this court, but only gives a recital of the proceedings. Appellant does not plead what the alleged contract between appellee and AEDC contains, what was its object, or how it was claimed to benefit appellant, and appellant does not direct us to where such a contract might be found in the record. Nor does appellant elucidate his exceedingly vague contentions as to rent schedules, rent escalations, and repairs allegedly agreed upon by Bartlett and AEDC, or how such factors affected his liability. In short, appellant does not even minimally suggest to this court how, or why, the jury verdict dispossessing him and finding him liable for rent, was error. Appellant proposes only generalized contentions that he was a third-party beneficiary of a contract. This generalization does not amount to a showing of error, as against the presumed regularity of the proceedings and the verdict below. Thomas' appeal invokes nothing more from this court than the observation that the burden is on him to show error, and if no error is shown, nothing is presented to this court for review. See *Sun v. Bush*, 179 Ga. App. 80, 81-82 (345 SE2d 85).

An appeal must not merely suggest error; to be successful it must prove error. An appeal which does not even contain a statement of facts sufficient to determine the nature of the case, let alone the nature of an alleged error, is without merit on its face. An appeal which does not even point to an error in the record, but makes only vague suggestions which would require this court to search through the record to find if there is such an error, does not in fact amount to an appeal; it is at best an invitation to the court to perfect the appeal by seeking out an error. In the face of the presumption of regularity in the proceedings below (*Acker v. Jenkins*, 178 Ga. App. 393, 394 (343 SE2d 160)), such an "appeal" is patently without merit.

The inadequacy of the appeal filed by the appellant forces us to the conclusion that this appeal is frivolous and was taken for delay only, inasmuch as he states no facts and issues suggestive of error and shows no basis at all upon which to anticipate reversal. *Holcomb v. Commercial Credit Svcs. Corp.*, 180 Ga. App. 451, 452 (349 SE2d 523); *Burger v. Burton*, 168 Ga. App. 378 (308 SE2d 868). Accordingly, appellee's motion for damages for frivolous appeal is hereby granted, pursuant to OCGA § 5-6-6.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 5, 1987 —
REHEARING DISMISSED JUNE 23, 1987.

*Jack LaSonde*, for appellant.

*John C. Dabney, Jr.,* for appellee.