75932. BROOKHAVEN ASSOCIATES v. DeKALB COUNTY et al.
(371 SE2d 231)

BENHAM, Judge.

Brookhaven Associates appeals from the judgment in a condemnation action after a jury found that $775,000 was just and adequate compensation for the property that DeKalb County took for the construction of a MARTA station. Brookhaven contends that the trial court erred in refusing to admit two pieces of evidence at trial. We disagree and affirm the judgment.

1. At trial, MARTA called its appraiser of the condemned property to testify about his findings. He had concluded that as of March 31, 1983, the date of condemnation, the fair market value of the property was $4.65 per square foot. Brookhaven cross-examined him about that valuation and how it compared with an appraisal report he had prepared in 1974, in which he valued the parcel at $6.50 per square foot, and an appraisal he made in 1982, when he valued the property at $2.00 per square foot. The appraiser admitted to all of the valuations as stated, and did not say that those figures were inaccurate for those dates. When Brookhaven sought to have the actual 1974 appraisal report admitted into evidence so that it could be sent out with the jury in its deliberations, appellees objected, and the trial court ruled in appellees' favor. Brookhaven cites this ruling as error, arguing that the report was a prior inconsistent statement and that under *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), and its progeny, the document itself was admissible. We find no error.

Brookhaven mistakenly characterizes the 1974 report as a prior inconsistent statement. A prior inconsistent statement is one that is contradicted by a later statement on the same issue. See, e.g., *Lockhart v. State*, 169 Ga. App. 931 (1) (315 SE2d 455) (1984), in which the State impeached a witness who testified at trial that certain per-

sons were not involved in a burglary on a particular day by introducing a tape recording of the witness' prior statement that those persons were involved in the same burglary. The 1974 report Brookhaven sought to introduce did not contradict any statement that the appraiser had made at trial about the property's 1974 value; the report merely offered a property value different from the value assigned in 1983, the time of the taking. Since there were two different time frames involved, 1974 and 1983, and two different sets of circumstances existing when the appraiser determined the 1974 and 1983 values, we must conclude that the 1974 report was not a prior inconsistent statement, and therefore was not admissible for impeachment purposes or as substantive evidence under *Gibbons*. "[T]he only question for decision in this case was the value of the property at the time of its actual taking, and the jury could not consider the value of the property prior to the actual taking, which both parties admitted was [March 31, 1983]." *City of Atlanta v. West*, 123 Ga. App. 255 (1) (180 SE2d 277) (1971). Since the 1974 report was not admissible as a prior inconsistent statement, and the jury could not otherwise consider it as evidence of the value of the property prior to the date of taking, the report was not relevant and the trial court did not err in refusing to admit it as evidence. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1.

2. Brookhaven also claims that the trial court erroneously excluded certain testimony concerning what MARTA representatives told Brookhaven's representatives about the possibility of preserving Brookhaven's air rights over the condemned property. The contention is an inaccurate one. The testimony was discussed at the pre-trial conference, and when Brookhaven's counsel specifically asked the trial court whether his client would be allowed to testify about the matter, the trial court responded that he would not, because the issue involved, whether MARTA had acted in good faith, had been decided in previous litigation. See *Concept Capital Corp. v. DeKalb County*, 255 Ga. 452 (339 SE2d 583) (1986). The trial court went on to say that "if you think at some point it becomes relevant, we can send the jury out and take it up then." Although it argues in its brief that the testimony became relevant after the appraisal report was discussed at trial, Brookhaven did not cite us to nor did we find any part of the record showing that Brookhaven attempted to have the testimony in question admitted during the trial. In light of the pre-trial ruling, Brookhaven had the opportunity to raise the issue at trial. It chose not to do so. Since Brookhaven did not seek the trial court's final ruling on the matter at the appropriate time, we cannot rule on whether the trial court properly or improperly excluded the evidence. When there is nothing in the record to support the contention of er-

ror, there is nothing presented to this court for review. *Jackson v. Springfield*, 172 Ga. App. 59 (1) (321 SE2d 802) (1984).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1988 —
REHEARING DENIED JULY 8, 1988 — 

*Henry R. Bauer, Jr.,* for appellant.
*Charles N. Pursley, Jr., Thomas A. Bowman,* for appellees.