**In re William E. ROBERTS, f/d/b/a REW Trucking, Debtor.**

**Bankruptcy No. 90–00015–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Aug. 9, 1990.

William Dickson, Catoosa, Okl., for debtor.

James R. Hicks & Ken Underwood, Tulsa, Okl., for L.R. Council.

## MEMORANDUM PETITION FOR BAD FAITH

STEPHEN J. COVEY, Bankruptcy Judge.

### FINDINGS OF FACT

Upon the motion of L.R. Council ("Creditor"), to dismiss the bankruptcy case for bad faith filing with bankruptcy petition, which came before this Court on July 18, 1990, the Court sustains the motion based on the record and the testimony of the Debtor and creditor.

According to the Debtor's testimony, the creditor obtained a state court judgment of approximately $50,000.00 against him in November 1989. The Debtor subsequently filed his appeal from the state court judgment in December 1989.

In order to stop a garnishment sent to his employer, American Airlines, and to avoid posting a supersedeas bond for the appeal, the Debtor testified that he filed his Chapter 13 petition on January 5, 1990.

Testimony from the Debtor further revealed his failure to schedule his interest in real estate located in Catoosa, a 1973 Ford Pick Up, 1977 Chevrolet Impala, 16–foot flatbed trailer, a rental trailer and assorted

used truck parts kept in the rented trailer. In addition, the Debtor failed to schedule approximately $4,000.00 held in his bank account at the time the petition was filed. He withdrew $2,500.00 from this account January 17, 1990, 12 days after the filing of the petition, which was also not disclosed. The Debtor also failed to report to the Trustee the supplemental income which will result from work undertaken and performed on a fiberglass boat post-petition.

## CONCLUSIONS OF LAW

■ In light of the foregoing circumstances, the Court will dismiss the case for bad faith filing of the petition. Pursuant to 11 U.S.C. § 1307(c) which states in part

> On request of a party in interest or the United States Trustee and after notice in a hearing, the court may dismiss a case under this chapter, for cause, ...

This Court agrees with the reasoning of *In re Smith*, 58 B.R. 448, 451 (Bankr.W.D. Ky.1986), quoting *In re Little Creek Development Co.*, 54 B.R. 510 (Bankr.N.D.Tex. 1985),

> "it is an impermissible and unjustifying imposition on already strained judicial times and resources to use the automatic stay as a replacement for an injunction conditioned upon a bond which the debtor could not or would not provide ..."

Also in agreement is *In re Wally Findlay Galleries, Inc.*, 36 B.R. 849, 851 (Bankr.S. D.N.Y.1984), which states

> This court should not, and will not, act as a substitute for supersedeas bond of state court proceedings.

■ The Debtor's failure to disclose certain assets on his schedule, also supports dismissal for bad faith. The Debtor has the duty to list all assets on his schedules pursuant to 11 U.S.C. § 521. Upon evidence showing the Debtor had failed to schedule certain assets the Court in *In re Hartford Run Apts. of Buford, Ltd.*, 102 B.R. 130, 132 (Bankr.S.D.Ohio 1989) stated

> [N]o explicit statutory language mandates good faith in the filing and maintenance of a case under Title 11. This court has no doubt, however, that good faith is the sense of honesty and forth

righteousness, is essential to a party's right to maintain a case. As a court of equity the Court has full powers pursuant to 11 U.S.C. § 105 to sanction the lack of such honesty by any reasonable manner it chooses.

The Court will, therefore, enter an order dismissing the petition for the reasons stated above.