A94A2225. GEORGIA RECOVERY, INC. v. DANLEY et al.
(450 SE2d 263)

BIRDSONG, Presiding Judge.

Appellant/defendant Georgia Recovery, Inc. appeals the order

granting summary judgment in favor of appellees/plaintiffs, the Danleys, and from the final order and judgment of the superior court entered in favor of appellees. Appellees brought suit after an agent of defendant attempted to repossess an automobile titled in Mrs. Danley's name but being used by Mr. Danley who was making late payments thereon. The Danleys averred, under the liberal notice pleading procedures of the Civil Practice Act (see generally *Wade v. Polytech Indus.*, 202 Ga. App. 18, 21 (2) (413 SE2d 468)), several causes of action including that of an attempted wrongful repossession resulting in a breach of the peace. Appellant enumerates four errors. *Held*:

1. The trial court did not err in entering final judgment against appellant merely because appellees had compromised and settled their claim against NationsBank and dismissed said claim with prejudice. Appellant's contention that it was an agent of NationsBank is not supported by the record before us. Rather, the record before us on appeal establishes, without contravention, that appellant was hired only as an independent contractor of NationsBank. Thus, appellant's assertion that release of the principal, NationsBank, extinguished any claims against appellant as NationsBank's agent is inapposite and the cases cited in support of such proposition are not controlling. There is direct and unrefuted evidence in this case that appellant was hired by NationsBank only as an independent contractor and that Nations-Bank at no time directed or controlled the manner and method of appellant's automobile repossession operation. This direct evidence pierced the general averments of agency in the pleadings of the parties. In response to a motion for summary judgment, a party cannot rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial. *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47). Appellee Leonard Danley testified by way of deposition that the tow-truck operator (who appellant concedes in its brief was the employee of Georgia Recovery, although he did not identify himself as such at the time of attempted repossession) said that NationsBank had ordered him to repossess the truck. However, this evidence is entirely consistent with the direct evidence that Georgia Recovery was acting as an independent contractor and does not raise a genuine issue of agency between Nations-Bank and Georgia Recovery. Moreover, "it is a long-standing rule that a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." *Johnson v. Rogers*, 214 Ga. App. 557 (448 SE2d 710), and cases cited therein.

2. Further, this court is obliged to conclude that the trial court did not err as enumerated and to affirm the judgment of the trial court. Appellant averred in his notice of appeal that the transcript of

the evidence and proceedings in this case would be forwarded; but the court reporter has certified that "there is a transcript of evidence, however, the appellant's attorney has never ordered the transcript from the court reporter, nor was the appellant's attorney present to share in the take down cost." A grant of summary judgment must be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746). Examination of the order of the trial court granting appellees' motion for summary judgment and its final order and judgment reveals that a summary judgment hearing was held, evidence was presented at that hearing, and the trial court considered all the evidence before it, prior to granting summary judgment and entering a final order and judgment in behalf of appellees/plaintiffs. It thus would be necessary for purposes of appellate review to have access to and examine the evidence contained in the hearing transcript. "Without a transcript to review, this court must assume as a matter of law that the evidence presented . . . supported the [trial] court's findings." *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500); compare *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273 (1) (441 SE2d 684); see *Nodvin v. West*, 197 Ga. App. 92, 97 (3c) (397 SE2d 581).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

Appellant Georgia Recovery, Inc. has filed a motion for reconsideration. Appellant contended inter alia that the Clerk of the State Court of Fulton County agreed to correct a statement in the certificate of the record to reflect that a certain transcript therein referenced pertains to the hearing on NationsBank's motion of May 27, 1993, and in no relevant manner pertains to appellees' motion for summary judgment. As of the date of our determination of this motion, the trial record has not been corrected by any procedure authorized by statute. It is not the duty of this appellate court to correct any asserted deficiencies in the record to the benefit of one party to an appeal. Appellant's factual contentions in its reconsideration motion regarding this matter are not supported by the existing appellate record and therefore cannot be considered. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223). As a general rule, "it is the state of an appellate record and transcript duly before us at the time of our original disposition of [an] appeal, and not the state of the record as amended in an attempt to support an appellate position argued on motion for reconsideration, that is controlling as to the adequacy of the record for purposes of appellate review." *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221). We see no reason to depart from a general rule fashioned to protect our judgments (Ga.

Const. of 1983, Art. VI, Sec. I, Par. IV), particularly as the alleged deficiency in the certificate was not detected and corrected during the original appellate process. Moreover, the record was not even corrected in a manner authorized by statute as of the date this reconsideration motion was considered by this court.

*Motion for reconsideration denied.*

DECIDED OCTOBER 31, 1994 —
RECONSIDERATION DENIED NOVEMBER 16, 1994 — 

*McLanahan & Comolli, John M. Comolli,* for appellant.
*Danley & Associates, Timothy J. Crouch,* for appellees.