In re Jose R. and Elizabeth RIVERA, Debtors.

Jose RIVERA, Plaintiff,

v.

Randy PROCTOR, Acting Superintendent, Topeka State Hospital, Defendant.

No. 95–404–SAC.
Bankruptcy No. 90–41741–13.
Adv. No. 94–7131.

United States District Court, D. Kansas.

July 12, 1995.

Lynn D. Lauver, Topeka, KS, for plaintiff.

Jan H. Maxwell, Topeka State Hospital–Legal Services, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On September 17, 1990, Jose Ramon Rivera and Elizabeth Yvonne Rivera filed a petition under Chapter 13 of Title 11 of the United States Code. On November 27, 1990, the Riveras' plan was confirmed.

This case comes before the court upon Jose Rivera's motion pursuant to 28 U.S.C. § 157 and Bankruptcy Rule 5011 to withdraw reference of the adversary proceeding from the bankruptcy court to the district court. Rivera initiated this adversary proceeding in bankruptcy court pursuant to 28 U.S.C. § 1334. In this proceeding, Rivera is claiming that he has been damaged by a post-petition deprivation of his constitutional rights; Rivera seeks injunctive and other relief. Specifically, Rivera claims that his rights were violated by the manner in which the defendant, acting under color of state law, terminated his employment. Rivera was apparently terminated on December 22, 1994. Rivera is presumably asserting a claim under 42 U.S.C. § 1983. Rivera contends that this court has jurisdiction under 28 U.S.C. § 1331.[1]

Rivera contends that because his § 1983 cause of action is a post-petition asset, and because the matter also concerns his wages which are also property of the estate, Rivera brought this action before the bankruptcy court as a related matter under 28 U.S.C. § 1334; under the local rules and standing order, the matter was referred to the bankruptcy judge.

On January 12, 1995, the bankruptcy court ruled that it lacked core jurisdiction and that it was doubtful that it had jurisdiction over the action. The bankruptcy court also ruled that if it had related to or arising from jurisdiction wherein it could not render a final judgment, it would abstain. In its recommendation to this court, the bankruptcy court suggests that "jurisdiction to hear this complaint would reside either in the United States District Court or Shawnee County District Court, assuming the necessary administrative remedies have been exhausted.... Under the circumstances, withdrawal of reference may be appropriate or alternatively plaintiff/debtor may be told that the complaint must be initiated in the proper forum."

The defendant opposes the plaintiff's motion to withdraw reference of the adversary proceeding from the bankruptcy court to the district court. First, the defendant argues that "the wages of the debtor and his employment at Topeka State Hospital are not a post petition asset." The defendant argues that the plaintiff's § 1983 claim is not a matter subject to the jurisdiction of the bankruptcy court. Second, the defendant contends that exhaustion of state remedies "is a prerequisite to any action in either federal or state court." Based upon the plaintiff's failure to exhaust his administrative remedies under state law, the defendant suggests that the plaintiff's motion to withdraw reference be denied, that federal district court jurisdiction not be exercised, and that the matter be dismissed completely.

## Analysis

Neither party's brief contains any citation to any case law discussing the issues raised

---

1. "The district courts shall have original jurisdiction of all civil actions arising under the Consti-
tution, law, or treaties of the United States." 28 U.S.C. § 1332.

by the plaintiff's motion to withdraw reference. The parties basically offer only conclusory statements in support of their respective positions. Consequently, the court has largely shouldered the burden of unearthing the answers to the issues raised by the parties.

■ As to the defendant's first argument, the court concludes that the bankruptcy court has jurisdiction over Rivera's § 1983 claim. Rivera's claim is not a core proceeding. *See In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy. (citation omitted). Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings."). However,

> [b]ankruptcy courts also have jurisdiction over related proceedings, under the authority of 28 U.S.C. § 1471(b), which confers jurisdiction on district courts for cases related to title 11 proceedings. *In re Fietz,* 852 F.2d 455, 456 (9th Cir.1988); *see also* 28 U.S.C. § 157. Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. *In re Colorado Energy Supply, Inc.,* 728 F.2d 1283, 1286 (10th Cir.1984). "The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis omitted). Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby im-

pacting on the handling and administration of the bankruptcy estate. *Id.; see also In re Wood,* 825 F.2d [90] at 93 [ (5th Cir. 1987) ] (related matters conceivably have effect on administration of bankruptcy estate); *In re Dogpatch U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir.1987) (same); *In re Bobroff,* 766 F.2d 797, 802 (3d Cir.1985) (same).

*Gardner,* 913 F.2d at 1518. Although Rivera's § 1983 claim arose post-petition and after confirmation of the plan, under Chapter 13, "[p]roperty of the type specified in [11 U.S.C.] section 541 that a debtor acquires after the commencement of the case but before conversion, dismissal or closing of the case, is also property of the estate." *In re Hill,* 156 B.R. 998, 1004 (Bkrtcy.N.D.Ill. 1993); *see* 11 U.S.C. § 1306. Apart from exceptions not relevant here, § 541 defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Legal claims are potentially assets of the bankruptcy estate. *See, e.g., Medina–Figueroa v. Heylinger,* 63 B.R. 572 (D.Puerto Rico 1986) (debtors' prepetition medical malpractice claim an asset of the Chapter 13 estate); *Valley Federal Sav. Bank v. Anderson,* 612 N.E.2d 1099, 1102 (Ind.App. 4 Dist.1993) (estate property includes any interest the debtor may have in a cause of action).

While it is a close call, *see In re Clayter,* 174 B.R. 134, 140–141 (Bkrtcy.D.Kan.1994) (bankruptcy court did not have "related to" jurisdiction over Chapter 13 adversary proceeding; too speculative to determine whether recovery by debtors on adversary claim would affect bankruptcy), this court finds that the bankruptcy court has "related to" jurisdiction over Rivera's § 1983 claim.[2]

■ The defendant's second argument, and the one on which he primarily relies, is incorrect as a matter of law. "In general, exhaustion of state remedies 'is *not* a prereq-

---

**2.** Some courts have held that under 28 U.S.C. § 157(b)(5), § 1983 civil rights actions are not non-core proceedings which the bankruptcy court may hear under 28 U.S.C. § 157(c)(1). *See In re Hansen,* 164 B.R. 482, 485–486 (Bkrtcy. D.N.J.1994); *In re Patterson,* 150 B.R. 367, 368 (E.D.Va.1993). "Congress has mandated trial in the district court of personal injury actions, 28 U.S.C. § 157(b)(5), and thereby specifically excepted such actions from bankruptcy court juris-

diction." *In re Patterson,* 150 B.R. at 368. Other courts have found that this exemption does not apply to cases "without trauma or bodily injury." *See In re Vinci,* 108 B.R. 439, 441–442 (Bankr.S.D.N.Y.1989).

The court simply notes that in the event that Rivera's claim would be considered a personal injury cause of action within the meaning of § 157(b)(5), his claim would be tried outside the bankruptcy court and in the district court. *See*

508

uisite to an action under § 1983.'" *Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383, 390 (1994) (quoting *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982) (emphasis added)); *see Wilbur v. Harris,* 53 F.3d 542, 544 (2nd Cir.1995).

■ Based upon the arguments of the parties,[3] the recommendation of the bankruptcy court, and the applicable law, the court grants Rivera's motion to withdraw reference. *See Franklin Sav. v. Office of Thrift Supervision,* 150 B.R. 976, 979–982 (D.Kan. 1993) (explaining rules governing mandatory withdrawal under § 157(d)).

IT IS THEREFORE ORDERED that Rivera's motion to withdraw reference (Dk. 6) in the bankruptcy court's adversary action No. 94–7131 is granted; that this memorandum and order will be filed also in the bankruptcy court; and that the adversary action will proceed in this district court.

*In re Patterson,* 150 B.R. at 368 (under § 157(b)(5), district court withdraws reference of plaintiff's personal injury, civil rights/tort action).

**3.** To prevail on his § 1983 claim, Rivera must navigate past other potential obstacles. *See, e.g.,*

*Valley Federal Sav. Bank,* 612 N.E.2d at 1102–1103. However, as it is inappropriate for the court to assume the role of advocate, this ruling only considers the arguments specifically advanced by the defendant.