A99A1602. WOLFORK et al. v. TACKETT et al.
(526 SE2d 436)

ELLINGTON, Judge.

Georgia applies the federal doctrine of judicial estoppel to preclude the prosecution of unliquidated tort claims that discharged debtors failed to list as assets in their federal bankruptcy petitions. *Southmark Corp. v. Trotter, Smith &c.*, 212 Ga. App. 454, 455-456 (442 SE2d 265) (1994). The question in this appeal is whether a debtor's failure to supplement a Chapter 13 bankruptcy petition or to reopen the bankruptcy proceedings so as to list a cause of action accruing *after* the filing of the petition but before the discharge of the bankruptcy precludes the debtor from pursuing the cause of action in a Georgia state court.

In August 1994, Lucille Wolfork filed a Chapter 13 bankruptcy petition. In November 1995, she and her daughter allegedly suffered injuries in a collision involving autos driven by Tackett and Dunn. On behalf of herself and her daughter, Wolfork sued them in October 1997 for negligence. After the bankruptcy was discharged in March 1998, Dunn moved for summary judgment on Wolfork's personal claim on grounds of judicial estoppel. Finding Wolfork had not supplemented her petition or moved to reopen the bankruptcy so as to list the cause of action as an asset of the estate, the trial court granted summary judgment to Dunn.

All legal and equitable interests of the debtor in property as of the filing of the bankruptcy petition are considered property of the bankruptcy estate. 11 USC § 541 (a) (1). Unliquidated tort claims are personal property included as part of the estate. *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506 (484 SE2d 309) (1997). Federal bankruptcy law strictly requires the debtor to disclose all assets as part of the bankruptcy petition. *Southmark*, 212 Ga. App. at 455-456.

Explaining the federal doctrine of judicial estoppel, *Southmark* stated that a party may not assert a position in a judicial proceeding which is inconsistent with a position successfully asserted by it in a prior proceeding. Id. at 455. The failure to disclose an asset (such as a cause of action) in a bankruptcy proceeding amounts to a denial that such a claim exists and bars subsequent attempts to pursue it. Id. at 456. Accordingly, the Court in *Southmark* affirmed summary judgment in favor of the alleged tortfeasor where the claim, having arisen pre-petition, had not been listed in the schedule of assets in the plaintiff's Chapter 11 bankruptcy petition. Accord *Byrd*, 225 Ga. App. at 508 (failure to list pre-petition tort claim in Chapter 13 petition is grounds for summary judgment).

In a Chapter 13 bankruptcy case, property of the estate also includes all property acquired by the debtor *during* the bankruptcy proceeding. 11 USC § 1306 (a) (1). A tort claim in favor of the debtor

arising after the filing of the Chapter 13 bankruptcy petition but before the bankruptcy is closed is considered after-acquired property that is part of the estate. *In re Rivera*, 186 B.R. 505, 507 (D. Kan. 1995); see *In re Brown*, 159 B.R. 1014, 1018 (S.D. Ga. 1993); *In re Cox*, 214 B.R. 635, 649 (N.D. Ala. 1997). The same is not true of Chapter 7 cases. Compare *In re Bobroff*, 766 F2d 797, 803 (3rd Cir. 1985) and *In re Fleet*, 53 B.R. 833, 838 (E.D. Pa. 1985).

The duty to amend Chapter 13 bankruptcy schedules is clear. A debtor may not conceal property belonging to the estate. 18 USC § 152 (1). A debtor has an affirmative duty to supplement the list of assets with any claims arising during the pendency of the bankruptcy proceeding. *Chandler v. Samford Univ.*, 35 FSupp.2d 861, 864 (N.D. Ala. 1999); see 11 USC § 541 (a) (7); *In re Easley*, 205 B.R. 334, 335 (M.D. Fla. 1996). Failure to timely amend or supplement the list of assets amounts to a denial that such a claim exists. *Southmark*, 212 Ga. App. at 455. Because Wolfork failed to supplement her Chapter 13 bankruptcy petition with the post-petition tort claim, she is barred by the principle of judicial estoppel from pursuing her claim after the bankruptcy proceeding was closed.

Distinguishable are those cases where the debtor moved to reopen the bankruptcy proceeding to amend the asset schedule to include the tort claim, for then the proceeds of the claim would have inured to the benefit of the creditors, and the inconsistency of declaring that no such asset existed would have been cured through amendment. *Clark v. Perino*, 235 Ga. App. 444, 445-446 (1) (509 SE2d 707) (1998); see *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122, 124 (1) (483 SE2d 135) (1997); *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651-652 (478 SE2d 629) (1996). Wolfork did not attempt to reopen the case, even though the bankruptcy court had the discretion to grant a reopening under 11 USC § 350 (b). *In re Schreiber*, 23 F2d 428, 430 (2nd Cir. 1928); *In re Daniel*, 205 B.R. 346, 348 (N.D. Ga. 1997); *Brown*, supra, 159 B.R. at 1018. "Unscheduled assets, newly discovered assets, or concealed assets usually furnish a basis for reopening the case." 2 Norton Bankruptcy Law & Prac. 2d, § 34-4, p. 34-6 (1997). The bankruptcy court's power to reopen was not circumscribed by any particular time limit. *In re Dodge*, 138 B.R. 602, 605 (E.D. Cal. 1992). Wolfork's decision not to seek to reopen mandates summary judgment against her.

Because of the potential impact on monetary claims, litigation and bankruptcy attorneys should carefully review the principles set forth in this opinion and act accordingly.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., and Ruffin, J., concur. Andrews, P. J., and Blackburn, P. J., concur fully with the majority and specially, joined by Ellington, J. Barnes, J., dissents.*

BLACKBURN, Presiding Judge, concurring specially.

I concur fully in the opinion and analysis of the majority. I write separately, however, to address issues raised by the dissent, which overlooks both precedent and evidentiary requirements to reach what it deems to be the most equitable result.

Neither of the reasons given by the dissent for reversing the trial court is supported by law or fact in this case. The dissent argues that the plaintiff should be relieved of the consequences of not fulfilling her mandatory duty to update her bankruptcy petition because no evidence in the record shows that the plaintiff successfully asserted a position on her personal injury claim in the bankruptcy proceedings. To reach this conclusion, the dissent makes a series of unfounded assumptions. First, the dissent assumes that no evidence was admitted by the trial court during the summary judgment hearing in this case, despite the fact that the appellant failed to provide this Court with a transcript of that hearing. Then, based on this general assumption, the dissent more specifically assumes that the trial court never received evidence relating to the contents of the bankruptcy pleadings, including the confirmation plan. Next, the dissent theorizes what the terms of the confirmation plan, which may or may not have been placed before the trial court, might have been, and, on the basis of this speculated plan, the dissent reverses the decision of the trial court.

This analysis is problematic. As we have long held,

[w]hen an appellant omits evidence necessary for determination of issues on appeal[,] affirmation is required. It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.

(Citation and punctuation omitted.) *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998).

Under these circumstances, we must rely on the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction (*Siegal v. Gen. Parts Corp.*, 165 Ga. App. 339 (301 SE2d 292) (1983)), assume that the evidence was sufficient to support the trial court's ruling, and affirm the judgment. *Acker v. Jenkins*, 178 Ga. App. 393, 394 (343 SE2d 160) (1986). See also *Thomas v. Bartlett*, 183 Ga. App. 412 (359 SE2d 156) (1987). When there is nothing in the record to support the contention of error, there is nothing

presented to this [C]ourt for review. *Brookhaven Assoc. [v. DeKalb County*, 187 Ga. App. 749, 750-751 (371 SE2d 231) (1988)].

(Punctuation omitted.) *City of Atlanta v. Starke*, 192 Ga. App. 267, 268-269 (1) (c) (384 SE2d 419) (1989).

In reaching its opinion, the dissent not only fails to presume the regularity of the proceedings below, but it speculates what the evidence could possibly show and presumes that the trial court acted improperly on the basis of this imagined evidence. The result is that, although the burden on appeal belongs to the appellant, the dissent construes evidentiary omissions in the appellate record to benefit the appellant and hinder the appellee. This result is inapposite to our review of cases on appeal, and, as such, it cannot provide a basis for reversal of the trial court.

To support its position, the dissent cites *Seamans v. True*, 247 Ga. 721 (279 SE2d 447) (1981). Contrary to the dissent's position, *Seamans* is factually distinguishable and does not require a different result in this case. In *Seamans*, the Supreme Court held:

> The trial court's order granting the defendants' motion for summary judgment states that the grant was based upon *the pleadings of the parties and the affidavit of Arthur True.* Accordingly, we do not assume that evidence was presented at the motion for summary judgment hearing.

(Emphasis supplied.) Id. at 723. Therefore, in *Seamans*, the trial court limited its review to specifically enumerated and distinct pieces of evidence. In this case, on the other hand, the trial court's order states that its findings were based upon "argument and citations of authority." The dissent argues, therefore, that the trial court did not consider other documents or testimony. Contrary to the dissent's contentions, the trial court in this case did *not* state that it was limiting its decision to matters in the record, as implied by the dissent. At the summary judgment hearing, the trial court may have properly considered documents which were never formally introduced into evidence or included in the appellate record, as well as testimony which may have included admissions or stipulations and other such items not before us. That is why the burden lies with the appellant to provide a transcript of the hearing or otherwise establish what occurred at the hearing. The record may also be shown as provided in OCGA § 5-6-41 (i), but appellant has not availed herself of this remedy. Therefore, we must conclude under these facts that the ruling of the trial court was authorized. Therefore, *Seamans* has no application here, and it does not support the dissent's erroneous presumption of

the irregularity of the trial court's actions.

Alternatively, the dissent concludes that the trial court must be reversed because an issue of fact remains as to whether the plaintiff intentionally asserted a contradictory position in her bankruptcy pleadings. While the dissent correctly indicates that the failure to disclose an accrued cause of action when initially filing for bankruptcy must be treated as a denial that the claim exists, it argues, without citation to any authority, that a different standard should be applied to claims acquired after the initial pleadings are made. In the latter situation, the dissent proposes to apply judicial estoppel to those making affirmative misrepresentations but not to those who passively fail to supplement their bankruptcy petitions. This distinction, however, is not supported by precedent.

In *Southmark Corp. v. Trotter, Smith &c.*, 212 Ga. App. 454, 455-456 (442 SE2d 265) (1994), a case involving a filing under Chapter 11 of the Bankruptcy Code, this Court discussed the necessity to strictly enforce reporting procedures in bankruptcy cases.

> These cases involve primarily the obligation placed upon the debtor in a Chapter 11 bankruptcy case to file a list of assets in which it must disclose any litigation which might arise from pre-bankruptcy matters. Compliance with disclosure requirements is essential to maintaining a bankruptcy case. *In re Roberts*, 117 B.R. 677; *In re Hubbard*, 96 B.R. 739. In the light of the stringent disclosure requirements under Chapter 11, the failure to disclose such information is viewed as amounting to a denial that such claims exist. This de facto denial triggers the application of several types of issue preclusion to bar subsequent attempts to prosecute such actions. See *Oneida Motor Freight v. United Jersey Bank*, 848 F2d 414; *Westland Oil Dev. Corp. v. MCORP Mgmt. Solutions*, 157 B.R. 100, 102; *In re Standfield*, 152 B.R. 528.

Id.

The mere fact that a cause of action accrues after the initial filing of a bankruptcy petition is not a sufficient reason to modify our application of judicial estoppel. Whether the property is acquired before or after the initial filing, the duty imposed on a debtor to disclose it remains the same, and compliance with disclosure requirements after the initial filing remains crucial to the maintenance of a bankruptcy case. *Southmark*, supra. The dissent provides neither a compelling reason for contravening the historical adherence to disclosure compliance nor any distinctions in federal law relating to such compliance which would support the result it espouses.

While I appreciate the motivation behind the dissent's position, I must point out that this Court is neither a court of equity nor a body with state or federal legislative powers. We are not free to fashion amendments to statutory disclosure requirements to fit our sense of equity. We are bound by the explicit statutory language and precedent laid before us, and, although we may criticize these sources, we must nevertheless follow their guidance, even if we are unsatisfied with the result. The doctrine of judicial estoppel is designed to protect the integrity of the judiciary. *Southmark,* supra. To retain that integrity in our application of this doctrine, we must be consistent with our analysis of precedent that is clear and unambiguous. If we fail to do so, only then will the result be truly incompatible with justice.

I am authorized to state that Presiding Judge Andrews and Judge Ellington join in this special concurrence.

BARNES, Judge, dissenting.

I respectfully dissent.

The purpose and justification for judicial estoppel are "to prevent the use of *intentional self-contradiction* as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." (Punctuation omitted; emphasis supplied.) *Southmark Corp. v. Trotter, Smith &c.,* 212 Ga. App. 454, 455 (442 SE2d 265) (1994). It is "directed against those who would attempt to manipulate the court system through the *calculated assertion of divergent sworn positions* in judicial proceedings." (Punctuation omitted; emphasis supplied.) *Johnson v. Trust Co. Bank,* 223 Ga. App. 650, 651 (478 SE2d 629) (1996). Finally, it can be applied only to preclude "a party from asserting a position in a judicial proceeding which is inconsistent with a *position* previously *successfully asserted* by it in a prior proceeding." (Emphasis supplied.) *Southmark,* supra, 212 Ga. App. at 455.

We should not apply judicial estoppel in this case for two reasons: (1) no evidence shows a previous position *successfully asserted* by the plaintiff; and (2) an issue of fact exists as to whether the plaintiff *intentionally asserted a contradictory position.*

The first reason precluding the application of judicial estoppel is rooted in the evidentiary burden placed on a party moving for summary judgment. If a defendant moves for summary judgment based upon a defense, as opposed to a lack of evidence supporting an essential element of the plaintiff's case, the defendant must provide the trial court with evidence supporting application of the defense.[1] See

---

[1] If a defendant's motion is based upon a lack of evidence supporting an essential element of the plaintiff's case, the Supreme Court's decision in *Lau's Corp. v. Haskins,* 261 Ga.

*Jones v. Littlejohn*, 222 Ga. App. 494, 496-497 (2) (474 SE2d 714) (1996). In this case, the defendant sought summary judgment from the trial court on the sole ground that the defense of judicial estoppel barred the plaintiff's claim against her. As a result, she needed to come forward with evidence supporting the application of judicial estoppel to meet her burden of proof below.[2] At the time of the trial court's ruling, none of the plaintiff's bankruptcy pleadings were in the record. The fact that the plaintiff's bankruptcy was filed on August 15, 1994, and discharged on March 30, 1998, is established only through admissions in the parties' summary judgment pleadings. See *Versico, Inc. v. Engineered Fabrics Corp.*, 238 Ga. App. 837, 839 (1) (520 SE2d 505) (1999).

A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592, 593 (472 SE2d 140) (1996). In this case, we have been provided with the entire record of the evidence before the trial court at the time it ruled on the defendant's summary judgment motion.[3] This record fails to show an essential requirement for application of judicial estoppel — that the plaintiff's previous position was *successfully asserted*. Evidence that a plaintiff's Chapter 13 bankruptcy case has been discharged, does not, standing alone, establish that the plaintiff "successfully asserted" an inconsistent position in the bankruptcy. A debtor's confirmation plan could require a debtor to pay her creditors 100 percent of the money owed; in this circumstance, a failure to disclose a personal injury action would not benefit the debtor or harm the creditors. See, e.g., *Donato v. Metro. Life Ins. Co.*, 230 B.R. 418, 424 (N.D. Cal. 1999); *Elliott v. ITT Corp.*, 150 B.R. 36, 39 (N.D. Ill. 1992).

Federal courts recognize the necessity of the debtor's "success" in this context and refuse to apply judicial estoppel when a Chapter 13 confirmation plan requires the debtor to pay 100 percent of the debt owed. *Elliott*, supra, 150 B.R. at 39. We should follow their lead and refuse to presume, as a matter of law, that a Chapter 13 bankruptcy discharge, standing alone, fulfills the defendant's burden of proving the plaintiff's successful assertion of an inconsistent position.

---

491 (405 SE2d 474) (1991) allows the defendant to meet its burden by merely pointing out the absence of evidence in the record to support the plaintiff's case.

[2] This burden of proof should not be confused with the burden of proof on appeal to show error based on the record created below.

[3] The record does not include a transcript from the hearing on the summary judgment motion, perhaps because it was not transcribed. However, the trial court's order states that its findings were based upon "argument and citations of authority" and there is no indication in the record that evidence was submitted to the trial court during the summary judgment hearing.

We cannot presume, from the absence of a transcript of the summary judgment hearing, that evidence was submitted during this hearing which supports the trial court's grant of summary judgment. In *Seamans v. True*, 247 Ga. 721 (279 SE2d 447) (1981), our Supreme Court rejected an identical argument, stating:

> The defendants note the absence of a transcript of the hearing on the motion for summary judgment and argue that this court must assume that evidence was presented at said hearing and that such evidence was sufficient to support the trial court's grant of summary judgment. The trial court's order granting the defendants' motion for summary judgment states that the grant was based upon the pleadings of the parties and the affidavit of Arthur True. Accordingly, we do not assume that evidence was presented at the motion for summary judgment hearing. This argument is without merit.

Id. at 723.

In this case, the order granting summary judgment to the defendant states that the trial court's findings were based upon "argument and citations of authority," not evidence submitted during the hearing. It does not recite facts supporting the conclusion that Wolfork successfully asserted an inconsistent position in her Chapter 13 bankruptcy and neglects to analyze this prerequisite to the application of judicial estoppel. The only facts recited by the trial court are those included in the written arguments submitted to it by the parties. Under these circumstances, we cannot assume evidence was presented at the summary judgment hearing that supports a conclusion that is not contained in the trial court's written order granting summary judgment. Id.

The facts and circumstances of this case are distinguishable from cases in which the trial court's order demonstrates that it relied upon evidence not included in the record on appeal, when it ruled on a summary judgment motion. See, e.g., *Lee v. Trust Co. Bank*, 204 Ga. App. 28, 29 (2) (418 SE2d 407) (1992) (trial court's order recites that evidence was presented at the summary judgment hearing, and the hearing transcript was not part of the record on appeal); *Ga. Recovery v. Danley*, 215 Ga. App. 236, 238 (2) (450 SE2d 263) (1994) (trial court's order shows that evidence was presented at the summary judgment hearing, and the hearing transcript was not part of the record on appeal).

The defendant has apparently recognized the problem caused by her failure to meet her burden of proof below. After the plaintiff filed her notice of appeal on March 11, 1999, the defendant filed a "Sup-

plemental Brief in Support of Motion for Summary Judgment" in the trial court and included, for the first time, a portion of the plaintiff's bankruptcy pleadings labeled Exhibit "A." She also requested "that the clerk supplement the record that has been filed with the Court of Appeals." After transmitting the supplemental brief to this Court, the state court clerk's office notified this Court that Exhibit "A" was not attached to the defendant's original summary judgment motion. As a result, it should not have been sent to this Court, and we will not consider it. *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 480-481 (1) (469 SE2d 523) (1996). We note, however, that consideration of Exhibit "A" would not alter the result in this case because it does not include the confirmation plan or any other evidence showing the plaintiff succeeded in the bankruptcy action.

Because the defendant failed to meet her burden of proving the "success" component of judicial estoppel, the trial court erred when it concluded this doctrine barred the plaintiff's claim. Our analysis does not end here, however, because judicial estoppel should not have been applied for a second, alternative reason.

In this case, we are addressing, for the first time,[4] whether a debtor's failure to supplement her bankruptcy petition to disclose a personal injury cause of action that accrues over a year *after* she filed the bankruptcy petition warrants the application of judicial estoppel *as a matter of law*. When analyzing this issue, we must keep in mind the purpose behind judicial estoppel — preventing *intentional* or *calculated* "assertion of divergent sworn positions." *Johnson*, supra, 223 Ga. App. at 651. See also *Southmark*, supra, 212 Ga. App. at 455.

It is well established that a failure to disclose an *accrued* cause of action in response to a direct question should be treated as a denial that the claim exists and, thus, a "position" for purposes of judicial estoppel. *Southmark*, 212 Ga. App. at 456; *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506, 507-508 (484 SE2d 309) (1997). These cases, however, do not govern the result in this case because the plaintiff honestly answered the direct question put to her in her Chapter 13 petition.

Although she did have a duty to later supplement her bankruptcy petition to include the after-acquired cause of action, *Chandler v. Samford Univ.*, 35 FSupp.2d 861, 864 (N.D. Ala. 1999), we should draw a distinction between affirmative misrepresentations and passive failures to supplement for purposes of judicial estoppel. An affirmative misrepresentation about an existing cause of action supports the inference, as a matter of law, that the person making

---

[4] Since this is an issue of first impression, it logically follows that authority cannot be cited to directly support this portion of the dissent's analysis. For the same reason, this analysis does not advocate a change in the law.

the misrepresentation *intentionally* asserted a contradictory *position*. We cannot, however, draw the same inference from the passive conduct of failing to supplement a bankruptcy petition with an after-acquired cause of action, standing alone. While it could be an intentional omission warranting the application of judicial estoppel, it could also be an innocent mistake. Based on the facts of this case, the issue of whether the plaintiff intentionally asserted a contradictory position should be left for the finder of fact to decide. See *Clark v. Perino*, 235 Ga. App. 444, 446 (1) (509 SE2d 707) (1998).

Justice will not be served by automatically punishing a party who honestly represented that she had no personal injury causes of action at the time she filed a bankruptcy petition. Instead, a windfall is bestowed upon an undeserving party. While it is true that we are not "a court of equity" with power, for example, to issue injunctions, the principles of justice and equity should guide us when carrying out our duty to apply the law to the facts before us.

For the above-stated reasons, I respectfully dissent from the majority opinion.

DECIDED DECEMBER 3, 1999 —
RECONSIDERATION DENIED DECEMBER 20, 1999 —

*Graylin C. Ward*, for appellants.
*Cobb & Walton, Bobby L. Cobb, Harper, Waldon & Craig, Russell D. Waldon, Janice M. Wallace, Jonathan M. Adelman*, for appellees.