In re Henry L. GABRIELSON, a/k/a Henry Louis Gabrielson, Bankrupt.

Gregory J. HAFF and Mavis L. Haff, Plaintiffs,

v.

Henry L. GABRIELSON, a/k/a Henry Louis Gabrielson, Defendant.

Bankruptcy No. 79 B 1288.

United States Bankruptcy Court, E. D. New York.

Nov. 27, 1979.

Robert Wilson, West Islip, N. Y., for plaintiffs.

## DECISION AND ORDER

BORIS RADOYEVICH, Bankruptcy Judge.

This is an adversary proceeding instituted by Gregory J. Haff and his mother, Mavis

**564**

L. Haff, judgment creditors, to determine the dischargeability of their judgment against the bankrupt-defendant. Plaintiffs obtained a default judgment against the bankrupt in New York State Supreme Court, Suffolk County, on 19 April, 1978, in their action to recover damages for malicious prosecution, loss of services and conversion. This followed the dismissal of a youthful offender information and adjudication by the Supreme Court on 5 October, 1976. On 14 May, 1979, the bankrupt filed a petition in bankruptcy with this Court. The plaintiffs now seek a declaration that their judgment, insofar as it is based on causes of action for malicious prosecution and loss of services, is non-dischargeable under section 17a(8) of the Bankruptcy Act. They do not seek a similar declaration with respect to their judgment for conversion. The defendant has not appeared or answered, and an inquest was held on 20 November, 1979, at which time the plaintiff testified and provided proof of the proceedings had in state court.

█ In order to prevail in an action for malicious prosecution which is based on New York law, the plaintiff must establish that: (1) the defendant either commenced or continued a criminal proceeding against him; (2) the proceeding terminated in his favor; (3) there was no probable cause for the criminal proceeding; and (4) the criminal proceeding was instituted in actual malice. *Martin v. City of Albany*, 42 N.Y.2d 13, 16, 396 N.Y.S.2d 612, 614, 364 N.E.2d 1304, 1306 (1977), *citing Broughton v. State*, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310, *cert. denied sub. nom. Schanbarger v. Kellogg*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). A cause of action for loss of services is a separate claim existing in favor of the parent of a minor child, and is one which incorporates an underlying wrong. *See* Restatement (Second) of Torts § 703, comment a (1977). Thus, the cause

of action includes the element of malice when it is based upon the malicious prosecution of the claimant's minor child. *See id.* As noted above, plaintiffs in the instant proceeding have obtained a final judgment with respect to both claims.

█ The inquiry which remains for this Court is whether the element of actual malice in the New York cause of action contemplates the same mental state as section 17a(8) of the Bankruptcy Act in its use of the phrase "willful and malicious," so as to give the state court judgment res judicata effect in this proceeding. "Actual malice," as defined by the New York courts, means that "the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502–03, 406 N.Y.S.2d 443, 444–45, 377 N.E.2d 975, 976–77 (1978). *See also* W. Prosser, Law of Torts § 119 (4th ed. 1971), *cited in Nardelli v. Stamberg*, 44 N.Y.2d at 502, 406 N.Y.S.2d at 445, 377 N.E.2d at 977. As used in section 17a(8) of the Bankruptcy Act, "willful and malicious" means a wrongful act, intentionally done without just cause or excuse. *Tinker v. Colwell*, 193 U.S. 473, 485–86, 24 S.Ct. 505, 48 L.Ed. 754 (1904). *See generally* 1A Collier on Bankruptcy ¶ 17.17[1] (14th ed. 1974). It is the opinion of this Court that the mental state contemplated by the New York decisions is more narrow than and included within the meaning of section 17a(8) of the Act.[1] Therefore, this Court will give res judicata effect to the judgment of the Supreme Court, Suffolk County, insofar as it applies to the plaintiffs' claims for malicious prosecution and loss of services, and to this extent the judgment is non-dischargeable.

ORDERED that the aforementioned judgment of the Supreme Court, State of New York, Suffolk County, is hereby declared non-dischargeable as follows:

---

**1.** It would have been preferable to look behind the state court judgment in order to reach a factual determination of the section 17a(8) issue, as this court is empowered to do. *See Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Greenfield v. Tuccillo*,

129 F.2d 854, 856 (2d Cir. 1942). This Court attempted to do so by holding an inquest. Unfortunately, the bankrupt did not appear either at the inquest or in the state court action. Thus, no substantial record is available to this Court.

(a) In the amount of $6,240.00, in favor of the plaintiff Gregory J. Haff, and

(b) In the amount of $750.00, in favor of the plaintiff Mavis L. Haff.

Relief in all other respects is denied.