In re Durwood E. KOONCE & Nguyen T. Koonce, Debtors.

Bankruptcy No. 81-00565.

United States Bankruptcy Court, D. South Carolina.

April 11, 1985.

W. Keenan Stephenson, Jr., Columbia, S.C., Trustee.

Herman F. Richardson, Jr., Columbia, S.C., for debtors.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court on the petition of the trustee, who, because the debtors' financial condition has changed, seeks an order directing the debtors to modify their Chapter 13 plan. The trustee seeks to increase the total dividend to unsecured creditors by approximately $13,800, in order to effectuate a 100% payment.

In April 1981 when the debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code, the debtors had monthly income of $2,168.

This court confirmed their plan on June 1, 1983.

In early 1985 the debtor, Durwood E. Koonce, won approximately $1,300,000 in the Massachusetts State Lottery. After taxes and other expenses, Mr. Koonce will receive from the lottery approximately $49,000 per year in each of the next twenty years. This, of course, is in addition to his other income. There is nothing in the record to indicate that the expenses necessary to maintain and support the debtors and their dependents have increased dramatically or that the debtors will not have sufficient disposable income available to effectuate a 100% payment to their creditors.

## ISSUES

The issues before the court are:

1. Whether the trustee has standing under § 1329 to seek modification of the debtors plan, and

2. If the trustee has standing, should the court modify the debtors' plan to effectuate a 100% payment.

## DISCUSSION

The trustee contends that, pursuant to 11 U.S.C. § 1329(a)(1), he may seek the modification of the plan. That section provides, in part, that "the plan may be modified to—(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; . . . ."

■ The debtors contend that the trustee's petition should be denied because he does not have standing to request a modification. The debtors' argument is based upon *In re Fluharty*, 23 B.R. 426 (Bankr. Ohio 1982) in which the court held that the plan could be modified after confirmation only upon the request of the debtor. The Bankruptcy Amendments and Federal Judgeship Act of 1984, which does not control this case because it was filed in 1981, amended section § 1329(a) to provide that "the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim. . . ." However, nothing in the former section 1329(a), which applies to this matter, expressly precludes the trustee from seeking a modification. This court is in agreement with the comments of Judge Herzog and Professor King that the purpose of the 1984 amendment was "to *make it clear* that a plan may be modified at the request of the debtor, the trustee, or the holder of an allowed unsecured claim." (emphasis add-

ed). (1985 Collier Pamphlet Edition, Bankruptcy Code § 1329, p. 711).

■ Although not at issue, it is important to note that this fund is property of the estate. In a Chapter 13 case, property of the estate includes all property acquired by the debtor "after the commencement of the case but before the case is closed, dismissed, or converted...." 11 U.S.C. § 1306(a)(1). *See also,* 5 *Collier on Bankruptcy* ¶ 1306.01[2][A].

■ In view of the dramatic change in the debtors' income, it appears that the debtors can satisfy their creditors in full, without undue hardship. It further appears that the debtors' plan should be appropriately modified.

Therefore, IT IS ORDERED, ADJUDGED AND DECREED, that the trustee's petition to modify the debtors' plan is granted. The plan shall increase the total dividend in order to effectuate a 100% payment.