In re Charlie D. BROWN, Jimmie
M. Brown, Debtors.

Bankruptcy No. 96–35733.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Aug. 25, 1997.

Katherine C. McGuire, Dayton, OH, for Debtors.

George Ledford, Englewood, OH, Chapter 13 Trustee.

## DECISION AND ORDER GRANTING DEBTORS' APPLICATION TO SETTLE AND DISTRIBUTE PROCEEDS OF THE PERSONAL INJURY ACTION AND DENYING CHAPTER 13 TRUSTEE'S MODIFICATION OF PLAN

WILLIAM A. CLARK, Chief Judge.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered in this district on July 30, 1984. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The following Decision and Order constitutes the court's findings in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

### PROCEDURAL POSTURE

This matter is before the court upon the Application to Settle and Distribute Proceeds of a Personal Injury Action and Amended Claim of Exemption [Doc. # 38-1] and the Response to Chapter 13 Trustee's Proposed Modification of Plan [Doc. # 49-1] filed by the Debtors, and the Chapter 13 Trustee's Objection to Application to Settle and Distribute Proceeds of a Personal Injury Action and Amended Claim of Exemption [Doc. # 44-1] and the Chapter 13 Trustee's Modification of Plan [Doc. # 45-1].

The court conducted a hearing on June 3, 1997, and upon the request of the parties allowed additional time for the parties to submit briefs for the court's consideration. The last brief was due on July 18, 1997. After careful consideration of the parties' pleadings, the arguments presented at the hearing, and an independent examination of the legal principles in question, the court is now prepared to issue its decision in this matter.

### STATEMENT OF FACTS

On December 9, 1996, Charlie D. Brown and Jimmie M. Brown (the "debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (1994). The Debtors filed the required Schedules and Plan on December 30, 1997, and included on Schedule B—Personal Property, "Accident Claim of Jimmie Brown—Value Unknown." The claim arose from a pre-petition automobile accident in which Mrs. Brown suffered personal bodily injuries.

With the petitions, the Debtors also filed Schedule C—Property Claimed Exempt in which they elected all exemptions to which they are entitled under Ohio Revised Code Section 2329.66. Debtors specifically claimed:

> Any exemption allowable pursuant to Ohio Revised Code Section 2329.66(A)(12) for reparations, wrongful death, personal bodily injury or loss of future earnings will be limited in amount to the extent provided by said section and the Debtor(s) will claim the amount exempt by an amended Schedule C before receiving the award or payment and objections may then be made to the claimed exemption.

Doc. 7-1, Debtors' Schedule C.

Debtors' Chapter 13 plan did not reference the personal bodily injury exemption claim nor contain any provision for inclusion of the proceeds of such personal bodily injury claim as an additional plan payment.

Neither the Trustee nor any of the holders of allowed unsecured claims objected to the confirmation of the Plan. On April 23, 1997, this court confirmed the Debtors' Chapter 13 Plan.

On May 5, 1997, the Debtor, Mrs. Brown, submitted an Application to Settle and Distribute Proceeds of Personal Injury Action and Amended Claim of Exemption. Out of the $12,500.00 settlement, Mrs. Brown claimed the maximum exemption of $5,000.00. Of the remaining $7,997.69, the personal injury attorney was to receive $4,502.31 and the Chapter 13 Trustee was to receive $2,997.69.

On May 12, 1997, the Trustee filed an Objection to the Application to Settle and Distribute Proceeds of Personal Injury Ac-

tion and Amended Claim of Exemption, on the grounds that the proposed five thousand dollar disbursement to Mrs. Brown as her exemption amount should be treated as projected disposable income to be paid into the plan. The Trustee simultaneously filed a Chapter 13 Trustee's Modification of the Plan that provided for $7,997.69 of the settlement proceeds to be an additional plan payment to increase the dividends to the general unsecured creditors.

On May 27, 1997, Debtors filed a Response to Chapter 13 Trustee's Proposed Modification of Plan. Debtors argued that they had claimed their exemption in the Schedule C filed with the petition, in the Chapter 13 Plan, and again in their Amended Claim of Exemption. Debtors also asserted that the exemption amount was not projected disposable income and they had never treated it as such.

## CONCLUSIONS OF LAW

The Trustee asserts that the personal injury exemption amount is projected disposable income that must be used to fund the plan thereby providing the general unsecured creditors with a larger dividend for the months remaining under the plan. Accordingly, the Trustee opposes the Debtors' application to distribute the claimed exemption amount and has moved for a modification of the plan. The Debtors counter that the issue of whether the exemption amount is disposable income should have been addressed at the confirmation hearing and that the Trustee cannot now assert that the personal bodily injury exemption amount is disposable income that must be paid into the plan. The Debtors thus oppose the Trustee's proposed modification of the plan and seek distribution of the claimed exemption amount.

■ Postconfirmation modification of a debtor's Chapter 13 plan is governed by Section 1329 of the Bankruptcy Code which provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon the request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1329. Although the Code does not expressly establish a standard for modification, the courts have held that a trustee or unsecured creditor must show unanticipated and substantial change in a debtor's circumstances to obtain the modification of a plan over the objection of the debtor. *See Anderson v. Satterlee (In re Anderson)*, 21 F.3d 355, 358 (9th Cir.1994); *In re Fitak*, 92 B.R. 243, 249 (Bankr.S.D.Ohio 1988); *In re Edwards*, 190 B.R. 91, 94–95 (Bankr. M.D.Tenn.1995).

■ .The principles of *res judicata* mandate that a trustee or unsecured creditor may not raise as grounds for modification facts that were known and could have been raised prior to confirmation of the debtor's proposed plan. *In re Wilson*, 157 B.R. 389, 390 (Bankr.S.D.Ohio 1993). The confirmation order is considered *res judicata* and thus the plan will only be subject to modification where the trustee or an unsecured creditor can show unanticipated and substantial change in the debtor's circumstances.

The Trustee contends that the plan should be modified because the personal bodily injury proceeds are projected disposable income that must be paid into the plan. As support for his position, the Trustee cites the Sixth Circuit Court of Appeals decision in *Freeman v. Schulman* (*In re Freeman*), 86 F.3d 478 (6th Cir.1996). In *Freeman* the Sixth Circuit addressed only the issue of whether the tax refund received by the debtor was "projected disposable income" under section 1325 of the Bankruptcy Code and therefore eligible for inclusion in estate property that may eventually be eligible for distribution to the creditors. *Id.* at 480.[1] The Sixth Circuit never addressed section 1329 and the standards for the postconfirmation modification of a plan.[2] The Trustee's reliance upon *Freeman* is therefore misplaced and premature. Before this court can ever address the merits of the Trustee's argument that the personal bodily injury proceeds are projected disposable income includible in the plan, the Trustee first must show unanticipated and substantial change in the Debtors' circumstances.[3]

■ Whether a change is "unanticipated" is determined objectively; the test is whether the change could have been reasonably anticipated at the time of confirmation. *In re Fitak*, 92 B.R. at 250. The change must also be substantial. The courts have only found such unanticipated and substantial changes in certain extraordinary circumstances. *See In re Arnold*, 869 F.2d 240 (4th Cir.1989) (debtor's unexpected increase in annual income from $80,000.00 to $200,000.00); *In re Cook*, 148 B.R. 273, 280

(Bankr.W.D.Mich.1992) (the debtors' winning of a $6,000,000 lottery); *In re Fitak*, 92 B.R. 243 (Bankr.S.D.Ohio 1988) (the debtor's unforeseeable withdrawal of $16,000.00 in state pension funds); *In re Euerle*, 70 B.R. 72 (Bankr.D.N.H.1987) (debtor's undisclosed but anticipated future inheritance of $300,000.00); *In re Koonce*, 54 B.R. 643 (Bankr.D.S.C.1985)(debtor's winning of a $1,300,000.00 lottery).

■ The court finds that no unanticipated circumstances were present in this case. Rather, the facts of the present case are quite similar to those of *In re Wilson*, 157 B.R. 389 (Bankr.S.D.Ohio 1993). In that case, the debtor was either separated or involved in a divorce proceeding at the time of a creditor's meeting or confirmation hearing, and Judge Sellers found that "the fact that the non-debtor spouse might be ordered by a Domestic Relations Court to pay a joint debt is not unanticipated under objective standards." *Id.* at 391. Further, the "parties should anticipate such a result and should require such contingencies to be provided for in the plan." *Id.* Absent such provisions, Judge Sellers held that "confirmation acts as *res judicata* on the issue of the debtor's disposable income." Moreover, Judge Sellers found that, even if *res judicata* did not prevent modification, a "modest increase" of $5340.00 in the debtor's income, payable in twenty monthly installments, was not so substantial as to require modification of the plan. *Id.* at 391–92. The reasoning of Judge Sellers' decision supports this court's conclusion on the facts of this case.

1. At the time of confirmation, the debtor had listed tax refunds to be received during the three year period following the debtor's bankruptcy filing as monies that would fund the plan. *Freeman*, 86 F.3d at 479–481. When the tax refund turned out to be larger than what the debtor had agreed to pay into the plan, the debtor sought to modify the plan to exempt the portion of the tax refund that represented "exempt property" under state law. *Id.* at 479. The size of the refund was $1,200.00 to $1,500.00 greater than what the debtor had anticipated. *Id.* Finding that "the debtor had specifically identified that tax refunds should go into the plan and made no argument that the funds were needed for "maintenance and support" of the debtor or her dependents," the Sixth Circuit held that the tax refunds qualified as disposable income under section 1325. *Id.* at 481.

2. Although the Sixth Circuit affirmed the lower courts' denial of the debtor's motion to modify the plan, neither the Sixth Circuit nor the lower courts addressed section 1329 in their decisions. *See Freeman* 86 F.3d 478; *In re Freeman*, 1994 WL 903490 (M.D.Tenn., Oct. 27, 1994); *In re Freeman*, 1994 WL 903489 (Bankr.M.D.Tenn., Aug. 1, 1994).

3. The Trustee's reliance upon *Stuart v. Koch* (*In re Koch*), 109 F.3d 1285 (8th Cir.1997), *Gaertner v. Claude* (*In re Claude*), 206 B.R. 374 (Bankr. W.D.Penn.1997), and *In re Minor*, 177 B.R. 576 (Bankr.E.D.Tenn.1995) is equally misplaced. The *Minor* decision fails to address section 1329, and the *Koch* and *Claude* decisions do not involve postconfirmation modification of plans.

■ At the outset of the present case, the Trustee was aware of the existence of the personal bodily injury claim and of the Debtors' claim of an exemption concerning the personal bodily injury proceeds. The possibility of the Debtors receiving such proceeds was not an unanticipated event. The Trustee had the opportunity to object to the plan at the confirmation hearing but did not to do so. The Trustee cannot now seek a modification to provide for the payment of the claimed exempt personal bodily injury proceeds into the plan. Parties are required to anticipate certain results and object if foreseeable contingencies may occur which should be provided for in the plan. Even if the principles of *res judicata* were not a bar, the court finds that the total bodily injury exemption amount of $5,000.00 is not so substantial as to warrant a modification of the plan.

### CONCLUSION

Based on the foregoing, this court finds that the principles of *res judicata* bar the modification of the plan and that the Debtors should receive the $5,000.00 in exempt personal bodily injury proceeds.

It is hereby ORDERED that the Debtors' application is GRANTED and the Trustee's modification of the plan is DENIED.