**In re Charlie D. BROWN and Jimmie M. Brown, Debtors.**

**George W. LEDFORD, Appellant,**

**v.**

**Charles D. BROWN, et al., Appellees.**

**BAP No. 97–8094.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Feb. 4, 1998.

Decided April 1, 1998.

Scott G. Stout, argued, Englewood, OH, on brief: George W. Ledford, Englewood, Ohio, for Appellant.

Katherine C. McGuire, argued, McGuire, Hines & Steigerwald, Dayton, OH, for Appellees.

Before BAXTER, LUNDIN, and RHODES, Bankruptcy Appellate Panel Judges.

## OPINION

Although a confirmed Chapter 13 plan is subject to modification under 11 U.S.C. § 1329, an unanticipated and substantial change in the debtor's circumstances is not a prerequisite to postconfirmation modification under § 1329. Since the bankruptcy court erroneously imposed threshold prerequisites to plan modification under § 1329, we vacate and remand.

## I. ISSUE ON APPEAL

Whether an unanticipated and substantial change in the debtor's circumstances is a prerequisite to modification of a confirmed Chapter 13 plan under § 1329.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to hear the appeal of a final order of the bankruptcy court. 28 U.S.C. § 158(b). A final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations and internal quotations omitted). Denial of a motion to modify a confirmed Chapter 13 plan is a final appealable order.

Modification under § 1329 is discretionary. The Panel reviews the bankruptcy court's refusal to modify a confirmed plan with an abuse of discretion standard. *In re Witkowski,* 16 F.3d 739, 746 (7th Cir.1994); *Powers v. Savage,* 202 B.R. 618, 620(9th Cir. BAP 1996). A bankruptcy court abuses its discretion when "it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Corzin v. Fordu (In re Fordu),* 209 B.R. 854, 858(citing *Mapother & Mapother, P.S.C. v. Cooper (In re Downs),* 103 F.3d 472 (6th Cir.1996)).

## III. FACTS

On December 9, 1996, Charlie D. Brown and Jimmie M. Brown (the Debtors) filed a petition for relief under Chapter 13 of the Bankruptcy Code. 11 U.S.C. §§ 101–1330.

(1994 & Supp.1996). The schedules revealed but did not value an accident claim of co-debtor Jimmie Brown which arose from a pre-petition automobile accident in which Mrs. Brown suffered injuries. The Debtors asserted a claim to all exemptions to which they are entitled under Ohio Revised Code § 2329.66.

The Debtors' Chapter 13 plan provided that the Debtors pay $1,800.00 per month to the Trustee for a period of fifty-eight months. However, the plan did not reference the injury claim nor contain any provision for inclusion of any proceeds of such claim as an additional plan payment. The plan was confirmed on April 23, 1997 without objection from the Trustee or any other party in interest.

On May 5, 1997, an Application to Settle and Distribute Proceeds of Personal Injury Action and Amended Claim of Exemption was filed by the Debtors. From the $12,-500.00 settlement, $5,000.00 was claimed as an exemption. Attorney fees were designated in the amount $4,502.31. The remaining $2,997.69 was to be remitted to the Trustee.

The Trustee objected on the ground that the proposed $5,000.00 disbursement to the Debtors, as an exemption, should be treated as projected disposable income to be paid into the plan. Additionally, the Trustee filed a proposed modification of the Plan that provided for $7,997.69 of the settlement proceeds to be an additional plan payment. In response, the Debtors argued that they had properly claimed their exemption in petition Schedule C in the Chapter 13 Plan and again in their Amended Claim of Exemption. They also asserted that the exemption amount was not projected disposable income, as they had never treated it as such.

At the hearing on the Trustee's proposed modification and the Debtors' settlement application, both parties raised the issue whether the $5,000.00 was exempt and therefore not included in disposable income. The bankruptcy court determined that before it could "ever address the merits of the Trustee's argument that the personal bodily injury proceeds are projected disposable income includible in the plan, the Trustee first must show unanticipated and substantial change in the Debtors' circumstances." *In re Brown,* 212 B.R. 856, 859 (Bankr.S.D.Ohio 1997). The bankruptcy court held that the Trustee could not seek a modification to provide for the payment of the personal injury proceeds into the plan since principles of res judicata bar the modification. *Id.* at 860. The court further held that even if the principles of res judicata were not a bar, the claimed exemption of $5,000.00 was not so substantial as to warrant a modification of the plan. *Id.* The Trustee appealed.

## IV. DISCUSSION

The Trustee argues that confirmation of a Chapter 13 plan is not res judicata upon him or his right to seek modification of the Debtors' confirmed plan. In support of this position, he cites 11 U.S.C. § 1327(a) which provides, " (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327. He further asserts that the plain reading of this section does not bind the Trustee, but only the Debtors and their creditors. This position is supported by the Seventh Circuit in *Witkowski.*

The court in *Witkowski* held that the common-law principle of res judicata does not apply "when a statutory purpose to the contrary is evident." *Witkowski,* 16 F.3d at 744 (quoting *Astoria Fed. Savs. & Loan Ass'n v. Solimino,* 501 U.S. 104, 108, 111 S.Ct. 2166, 2170, 115 L.Ed.2d 96 (1991)(quoting *Isbrandtsen Co. v. Johnson,* 343 U.S. 779, 745 783, 72 S.Ct. 1011, 1014, 96 L.Ed. 1294 (1952))). The *Witkowski* court reasoned that the statutory framework of the Bankruptcy Code plainly assumed the possibility of modifications of bankruptcy plans after they are confirmed. *Id.* Specifically, the court stated that § 1327 of the bankruptcy code provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." *Id.* (citing § 1327). The *Witkowski* court went on to state that the

mechanism to change the binding effect of § 1327 is § 1329 which allows for modifications. "If the drafters of the Bankruptcy Code intended for a confirmation hearing to have res judicata effect, there would be little or no reason for § 1329." *Id.* at 745 (citing *In re Williams,* 108 B.R. 119, 123 (Bankr. N.D.Miss.1989)). This provision, according to the court in *Witkowski,* makes it clear that Congress did not intend the common law doctrine of res judicata to apply to § 1329 modifications. This is a matter of first impression in the Sixth Circuit.

 The confirmation of the Debtors' plan constitutes a final judgment on the merits in bankruptcy proceedings by a court of competent jurisdiction. *Sanders Confectionery Prods., Inc. v. Heller Financial, Inc.,* 973 F.2d 474, 480 (6th Cir.1992)(citing *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938)); *In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458 (6th Cir.1991); *Miller v. Meinhard–Commercial Corp.,* 462 F.2d 358 (5th Cir.1972). Courts have held in the context of bankruptcy matters that not only formally named parties, but all participants in the bankruptcy proceedings are barred by the doctrine of res judicata from asserting matters they could have raised in the bankruptcy proceedings. *Micro–Time Management Sys., Inc. v. Allard & Fish, P.C.,* Nos. 91–2260 & 91–2261, 1993 WL 7524, at *4 (6th Cir. Jan. 12, 1993)(citing *Met–L–Wood Corp. v. Pipin,* 861 F.2d 1012, 1016 (7th Cir.1988), *cert. denied,* 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989)). A trustee is considered a party to a confirmation proceeding, and, as such, is bound by the proceedings. *Id.; Sanders Confectionery,* 973 F.2d at 481. Although these cases involve the effect of confirmation in a Chapter 11 case, the reasoning is equally applicable in this Chapter 13 case.

The *Witkowski* court was correct in finding that the mechanism to change the binding effect of § 1327 is § 1329, which allows for modifications. Section 1329 states:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the *trustee,* or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

11 U.S.C. § 1329 (emphasis added). Although § 1329 of the Bankruptcy Code does not establish a standard for modification, some courts have held that an allowed unsecured claim holder or trustee must show unanticipated and substantial change in a debtor's circumstances to obtain modification over the opposition of the debtor. *In re Wilson* 157 B.R. 389, 390 (Bankr.S.D.Ohio 1993)(citing *In re Fitak,* 92 B.R. 243 (Bankr. S.D.Ohio 1988); *In re Gronski,* 86 B.R. 428 (Bankr.E.D.Pa.1988)).

Following *Wilson* and *Fitak,* the bankruptcy court found that, at the outset of the case, the Trustee was aware of the personal injury claim and of the Debtors' claim of an exemption in its proceeds. *Brown,* 212 B.R. at 859. Finding the possibility that the Debtors would receive such proceeds was not an unanticipated event, the court further found that the Trustee had the opportunity to object to the plan but failed to do so. *Id.* The court reasoned that parties are required to anticipate certain results and object if foreseeable contingencies may occur which should be provided for in the plan. *Id.* Herein, the Trustee failed to do so. The court held that the Trustee could not meet the threshold requirement for post confirmation modification, and the proposed modification was denied.

 Modification of a plan is essentially a new confirmation. It must be consistent with the statutory requirements for confir-

mation. *Powers*, 202 B.R. at 623. The bankruptcy court did not reach the merits of the Trustee's proposed plan modification due to its finding that the threshold issue of unanticipated and substantial change in the Debtors' circumstances had to be met first. *Brown*, 212 B.R. at 859. We disagree.

█ Except when literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters, the plain meaning of legislation is conclusive. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242–43, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1990) (citation omitted). Although the court may properly consider changed circumstances in the exercise of its discretion, § 1329 does not contain a requirement for unanticipated or substantial change as a prerequisite to modification. *Powers*, 202 B.R. at 623. The bankruptcy court applied the wrong legal standard by determining that the Trustee had to demonstrate certain threshold changes in circumstances before it could determine whether to grant or deny the modification. Accordingly, the bankruptcy court abused its discretion.

## V. CONCLUSION

The decision of the Bankruptcy Court is VACATED and the case is REMANDED for further proceedings consistent with this ruling.