### In re Francis M. BREEDEN and Pamela A. Breeden, Debtor.

### No. 02–22615.

United States Bankruptcy Court, N.D. Ohio.

Oct. 28, 2003.

---

Sheldon Stein, Cleveland, OH, for Debtor.

## MEMORANDUM OF DECISION

ARTHUR I. HARRIS, Bankruptcy Judge.

This matter is before the Court on the motion of the Internal Revenue Service (IRS) to modify the debtors' confirmed plan of reorganization pursuant to 11 U.S.C. § 1329 (Docket # 15), the debtors' response thereto (Docket # 22), the reply of the IRS (Docket # 24), the brief of the IRS in support of its motion (Docket # 34), and the debtors' brief in response (Docket # 41). The IRS seeks to modify the debtors' confirmed Chapter 13 plan "by requiring debtors to turnover their 2002 refund to the Chapter 13 Trustee, for the purpose of increasing the dividend to general unsecured creditors from a forty (40) percent to a forty-four (44) percent dividend ... [and by requiring the debtors] to adjust their withholding tax to the correct amount and recalculate proper disposable income." (Docket # 15 at ¶ 7 and n.1.) For the reasons that follow, the motion to modify is denied, without prejudice, for failure to comply with Rule 3015(g) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

The debtors filed their Chapter 13 petition on November 5, 2002. Their Chapter 13 plan was confirmed on January 21, 2003. Their confirmed plan provides for them to pay $350 per week "or all of the projected disposable [income] of the debtor(s) pursuant to 11 U.S.C. §§ 1322(a)(1) and 1325(b)(2)." Based upon the debtors' Schedules I and J, the debtors' projected disposable income is $1,529.19 per month or approximately $350 per week.

The plan proposed to pay the entire secured claim of the IRS " 'inside' the plan" with interest at the statutory rate. The amount of the IRS's secured claim is not specified in the confirmed plan or in the debtors' schedules. The plan provides for general unsecured creditors to be paid at least 40 percent, pro rata, on their allowed claims. In addition, the dividend is subject to increase should the plan appear to require less than 36 months for completion. *See* Plan at ¶ 6. The projected length of the plan is at least 54 months as estimated by the debtors.

On February 21, 2003, the IRS filed a proof of claim for $33,089.42. The entire amount of the claim is listed as general unsecured. The claim is for income taxes for 1995 and 1996, including penalties and interest. The claim asserts that the taxes for these periods are non-dischargeable, without indicating the basis of the nondischargeability or whether the nondischargeability extends to penalties and interest.

On May 27, 2003, the IRS moved to modify the debtors' confirmed plan of reorganization pursuant to 11 U.S.C. § 1329. (Docket # 15) The IRS seeks to modify the debtors' confirmed Chapter 13 plan "by requiring debtors to turnover their 2002 refund to the Chapter 13 Trustee, for the purpose of increasing the dividend to general unsecured creditors from a forty (40) percent to a forty-four (44) percent dividend ... [and by requiring the debtors] to adjust their withholding tax to the correct amount and recalculate proper disposable income." (Docket # 15 at ¶ 7 and n.1.) The IRS has frozen the debtors' 2002 tax refund of $2,430 pending the outcome of its motion to modify.

On June 10, 2003, the debtors filed a response to the IRS's motion to modify (Docket # 22), and on June 22, 2003, the IRS filed a reply. (Docket # 24) In addition to hearing oral argument from counsel on June 26, 2003, the Court also permitted further briefing by the IRS and the debtors. The IRS filed its supplemental brief on August 7, 2003, (Docket # 34) and the debtors filed their supplemental brief on October 8, 2003. (Docket # 41) In its supplemental brief, the IRS indicated that the debtors now have an additional $1,200 credit available for 2002. Accordingly, the IRS now seeks to have the entire overpayment of $3,630 turned over to the Chapter 13 trustee, increasing to 45 percent the dividend to general unsecured creditors. (Docket # 34 at ¶¶ 7–8)

## DISCUSSION

■ A motion to modify a confirmed Chapter 13 plan is governed by 11 U.S.C. § 1329, which provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b) (1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

A motion to modify a confirmed Chapter 13 plan is also governed by Rule 3015(g) of the Federal Rules of Bankruptcy Procedure. Rule 3015 provides in pertinent part:

*(g) Modification of Plan After Confirmation.* A request to modify a plan pursuant to § 1229 or § 1329 of the Code shall identify the proponent and shall be filed together with the proposed modification. The clerk, or some other person as the court may direct, shall give the debtor, the trustee, and all creditors not less than 20 days notice by mail of the time fixed for filing objections and, if an objection is filed, the hearing to consider the proposed modification, unless the court orders otherwise with respect to creditors who are not affected by the proposed modification. A copy of the notice shall be transmitted to the United States trustee. A copy of the proposed modification, or a summary thereof, shall be included with the notice. If required by the court, the proponent shall furnish a sufficient number of copies of the proposed modification, or a summary thereof, to enable the clerk to include a copy with each notice. Any objection to the proposed modification shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee. An objection to a proposed modification is governed by Rule 9014.

In the present case, while the IRS's motion speaks generally about the modification it is seeking, there is no new proposed plan accompanying the motion to modify. Nor has the IRS included specific language to amend or interlineate the current confirmed plan. While there is perhaps some ambiguity in the language of Rule 3015(g)—"A request to modify a plan ... shall be filed together with the proposed modification."—the Court believes that, at a minimum, more is required than what has been provided by the IRS in its motion and additional briefing. For example, the IRS could have filed as an attachment an entirely new Chapter 13 plan, or it could have included specific provisions to be inserted into specific existing portions of the confirmed Chapter 13 plan. As an example, the IRS could have indicated:

The proposed modification shall consist of the following amendments to the existing Chapter 13 plan:

a. Paragraph 6 is amended by deleting the phrase "shall be paid at least 40%" and replacing it with "shall be paid at least 45%"

b. The following new Paragraph 17 shall be added:

17. [Specific language about timing and arrangements for turnover of 2002 tax refund; how and when debtor is to adjust withholding tax and submit amended Schedules I and J; and how adjustments in disposable income are to be reflected in monthly payments to the Chapter 13 Trustee.]

In addition, Rule 3015(g) requires that notice of the proposed modification be served on all creditors "unless the court orders otherwise with respect to creditors who are not affected by the proposed modification."

Under some circumstances, a court may well choose to overlook a movant's failure to specify the proposed modification

in detail as required under Rule 3015(g), particularly if the procedural error is not raised by an objecting party and the error does not affect the court's ability to determine whether the proposed modification meets the requirements of section 1329. For example, a trustee or creditor's motion to modify that simply proposes to increase the percentage paid to general unsecured creditors from 40 percent to 45 percent by extending the length of the plan, but still within 60 months, may well constitute a sufficient description of "the proposed modification."

■ In the present case, however, the details of the proposed modification are critical to the Court's application of section 1329 to the facts and circumstances of this case. For example, the IRS's motion fails to explain the timing and arrangements for turnover of the debtors' 2002 tax refund, how and when the debtors are to adjust their withholding taxes and submit amended Schedules I and J, and how adjustments in their disposable income are to be reflected in monthly payments to the Chapter 13 Trustee. Does the IRS's proposed modification permit the debtors to make other changes in their projected disposable income as a result of changes in their income and/or expenditures that are separate from an adjustment of withholding taxes? Does it matter if these other changes could have been anticipated prior to confirmation? While the turnover of a tax refund or an adjustment to the debtors' tax withholdings may perhaps constitute acceptable means to achieving one of the modifications permitted under section 1329(a)(1), (2), or (3),[1] a detailed description of the proposed modification is a critical prerequisite to the Court's determination whether the proposed modification

meets the requirements of section 1329 and applicable case law. Accordingly, the Court will deny the IRS's motion to modify, without prejudice to a new motion to modify that complies with the requirements of Rule 3015(g).

In the event that a motion is filed which specifically identifies the proposed modification, the Court would then look to the IRS and debtors' counsel to inform the Court as to how the modification complies or does not comply with the requirements of section 1329 and applicable case law. Among the circumstances the Court would expect counsel to address are:

- what is the projected length of the debtors' current plan based upon claims actually filed;
- does the proposed plan provide for increasing the percentage payment by simply extending the length of the plan or the amount of the weekly payments, as opposed to turning over a tax refund;
- based upon claims filed, what is the cost to the debtors for each percentage point increase in payments to unsecured creditors;
- what is the current treatment of the IRS's claim under the debtors' confirmed plan;
- what is the recent history of the debtors regarding the size of any federal income tax refunds
- how significant are the differences between the debtors' projected disposable income that provided the basis for their confirmed Chapter 13 plan and the current version of the debtors' projected disposable income for the remainder of their time under Chapter 13;

---

1. *Cf. In re Nolan,* 232 F.3d 528, 535 (6th Cir.2000)("Section 1329(a) only permits modification of the *amount* and *timing* of pay- ments, not the total *amount* of the *claim.*")(emphasis in original).

- what happens if the new higher percentage dividend is reached prior to 36 months;
- is there any hardship to the debtors as a result of the modification;
- are the debtors entitled to adjust expenses or make other changes in their schedules to reflect a more accurate, current estimate of their projected disposable income for the remainder of their time under Chapter 13; and
- are there any other circumstances that counsel believe the Court should consider in reviewing the motion to modify.

 Absent controlling precedent from the Sixth Circuit, the Court is inclined to follow the analysis of the Ninth Circuit BAP in *In re Powers,* 202 B.R. 618, 622 (9th Cir. BAP 1996):

> Although a party has an absolute right to request modification between confirmation and completion of the plan, modification under § 1329 is not without limits. Section 1329(a)(1) limits the kinds of modifications that can be proposed. Furthermore, § 1329(b)(1) protects the parties from unwarranted modification motions by ensuring that the proposed modifications satisfy the same standards as required of the initial plan. *See* 11 U.S.C. §§ 1322(a), 1322(b) and 1323(c). Like the initial plan, modifications must be proposed in good faith. 11 U.S.C. § 1325(a)(3). Finally, the circumstances of the debtor's changed financial situation can then be considered in exercise of the court's discretion.

> In sum, the only limits on modification are those set forth in the language of the Code itself, coupled with the bankruptcy judge's discretion and good judgment in reviewing the motion to modify.

In addition, this Court concurs with those courts that have given a plain reading of section 1329 and have held that a Chapter 13 plan may be modified without a threshold showing of substantial, unanticipated change in the debtor's financial circumstances. *See, e.g., Barbosa v. Soloman,* 235 F.3d 31 (1st Cir.2000); *In re Witkowski,* 16 F.3d 739, 746 (7th Cir.1994); *In re Brown,* 219 B.R. 191 (6th Cir. BAP 1998).

### CONCLUSION

For the foregoing reasons, the IRS's the motion to modify the debtors' confirmed Chapter 13 plan (Docket # 15) is denied, without prejudice, for failure to comply with Rule 3015(g) of the Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.