*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 07b0015n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: CARL L. BROWN, JR. AND JUNE K. BROWN, <br><br> Debtors.<br>_____<br><br> CARL L. BROWN AND JUNE K. BROWN,<br><br> Appellants,<br><br> v.<br><br> CHAD BROWN AND CARL L. BROWN, INC.,<br><br> Appellees.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. 06-8079 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division
Case No. 01-65026

Argued: August 1, 2007

Decided and Filed: November 9, 2007

Before: GREGG, LATTA, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Mina N. Khorrami, Columbus, Ohio, for Appellants. Brett R. Sheraw, FISHER, SKROBOT & SHERAW, Columbus, Ohio, for Appellees. **ON BRIEF:** Mina N. Khorrami, Columbus, Ohio, for Appellants. Brett R. Sheraw, FISHER, SKROBOT & SHERAW, Columbus, Ohio, for Appellees.

OPINION

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Carl L. Brown, Jr. and June K. Brown, Debtors, appeal an order of the bankruptcy court denying their motion to modify their confirmed chapter 13 plan to assume a lease of nonresidential real property and allowing the claim of Chad Brown and Carl L. Brown, Inc.[1] in a reduced amount notwithstanding the Debtors' claim of offset. For the reasons that follow, the appeal is DISMISSED as moot.

## I.  ISSUE ON APPEAL

The issues raised by the parties to this appeal are (1) whether the bankruptcy court erred in denying the Debtors' motion to modify their confirmed chapter 13 plan on the basis that the lease that the Debtors sought to assume was deemed rejected by operation of law; and (2) whether the bankruptcy court erred in denying the Debtors' claim of offset against the claim for lease arrearages on the basis that the Debtors acted as mere volunteers. As determined by this Panel, however, the primary issue is whether this appeal is moot.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's order denying the Debtors' motion to modify their confirmed chapter 13 plan is a final, appealable order. *Ledford v. Brown (In re Brown)*, 219 B.R. 191, 192 (B.A.P. 6th Cir. 1998). The court's order sustaining the objection to the creditor's claim and allowing the claim in a reduced amount is also a final appealable order. *Miller v. Miller (In re Miller)*, 284 B.R. 734, 736 (B.A.P. 10th Cir. 2002); *see also Beneke Co. v. Economy Lodging Sys., Inc. (In re Economy Lodging Sys., Inc.)*, 234 B.R. 691, 693 (B.A.P. 6th Cir. 1999).

Modification of a confirmed chapter 13 plan under 11 U.S.C. § 1329 is discretionary. A bankruptcy court's refusal to modify a confirmed plan is reviewed for an abuse of discretion. *In re Brown,* 219 B.R. at 192. The bankruptcy court's determination that the Debtors are not entitled to

---

[1]  According to the bankruptcy court, Carl L. Brown, Inc., is not a corporate entity, but a fictitious name under which Chad Brown sometimes conducted business. There is in reality only one appellee in this appeal, Chad Brown.

an offset against the creditor's claim is a conclusion of law reviewed de novo. *See Adell v. John Richards Homes Bldg. Co. (In re John Richards Home Bldg. Co.)*, 439 F.3d 248, 254 (6th Cir. 2006).

A reviewing court must determine whether an appeal pending before it is moot. *Carras v. Williams*, 807 F.2d 1286, 1289 n.5 (6th Cir. 1986) ("Because mootness implicates federal court jurisdiction under Article III, we are obliged to consider the question on our own motion."); *see also Southwestern Bell Tel. Co. v. Long Shot Drilling, Inc. (In re Long Shot Drilling, Inc.)*, 224 B.R. 473, 477 (B.A.P. 10th Cir. 1998) ("In addition to determining whether an order is 'final' . . . , we have an obligation to determine the jurisdictional issue of whether the appeals are moot . . . .").

### III.   FACTS

Carl L. Brown, Jr. ("Carl") is the older brother of Chad Brown ("Chad"), both of whom are sons of Carl L. Brown, Sr., deceased. Before his death, Brown, Sr. owned and operated a grocery store in Columbus, Ohio through a closely held corporation, Carl L. Brown, Inc. Following Brown, Sr.'s death in 1994, Chad assumed ownership of Carl L. Brown, Inc. and took over operation of the grocery store. By 1999, Chad had fallen behind in payments to a number of entities. The brothers agreed that Carl would take over operation of the grocery.

The bankruptcy court found that although Carl and Chad signed a written lease agreement, the written agreement was not intended by them to be binding. The court's finding was based upon the testimony of Chad and the number of items left blank in the pre-printed lease form used by the brothers. The court found that the brothers did agree that Carl would pay rent of $1,000 per month for the store premises and parking lots. The court further found that this amount was never increased. The court held that this lease was deemed rejected by operation of law as the result of Carl's failure to assume the lease within sixty days after the order for relief in the chapter 13 case. Although the Debtors assign as error the bankruptcy court's finding that the parties did not intend the written lease to be binding, this factual finding is not determinative of the outcome of this appeal.

The Debtors filed their chapter 13 petition on December 21, 2001, in the face of a foreclosure proceeding filed by Bank One, N.A., concerning the store premises. They did not, however, schedule the lease nor identify Chad as a creditor. The Debtors filed a notice of their bankruptcy case in the foreclosure proceeding and requested that the foreclosure be stayed. Bank One filed a motion to have the foreclosure action maintained in active trial status on the basis that neither of the Debtors was a defendant and Bank One was not listed as a creditor in the bankruptcy schedules. On February 9, 2002, the Debtors filed an opposition to Bank One's motion, attaching a copy of the lease and requesting that the court maintain the stay of foreclosure proceedings on the basis that Carl was the tenant of the property in question. Even so, the Debtors did not disclose or attempt to

3

assume the lease in their bankruptcy case. The Debtors' chapter 13 plan was confirmed on April 17, 2002.

On July 30, 2004, Chad served the Debtors with a notice of eviction for failure to pay rent. In response, on August 2, 2004, almost three years after the filing of their petition, the Debtors filed an amended Schedule F to add Chad as the holder of a disputed claim for unpaid rent in the amount of $14,000. The Debtors also filed an amended Schedule G to disclose the lease from Chad. One day later, the Debtors filed a motion to modify their confirmed chapter 13 plan to assume the lease. Chad objected to the motion to modify the plan by asserting that the written lease was invalid.

On October 28, 2004, the bankruptcy court heard the motion to modify, but postponed its ruling to give Chad an opportunity to file a proof of claim. Chad eventually filed a proof of claim in the amount of $14,000, to which the Debtors objected on the basis that the amount claimed exceeded the amount owed. The motion to modify and objection to claim were heard by the bankruptcy court on March 24, 2006. After the hearing was commenced, the court requested that the parties file briefs on the question of whether any lease between them had been rejected as a matter of law. The court continued the hearing, and after the filing of briefs, the hearing was concluded on April 7, 2006.

On September 29, 2006, the bankruptcy court issued its Findings of Fact, Conclusions of Law and Memorandum Opinion. The court found the Debtors did not attempt to assume or reject the lease within sixty days after filing their petition for relief as required by 11 U.S.C. § 365(d)(4).[2] As a result, the lease was deemed rejected as a matter of law. Therefore, the motion to modify the plan to assume the lease was denied, in essence because there was no lease to assume.

With respect to the claim filed by Chad, the court found that as the result of the rejection of the lease, the Debtors effectively breached the lease as of the date of the commencement of their bankruptcy case, December 21, 2001. The court further found that the lease was made September 22, 1999; that the parties intended that lease payments of $1,000 per month begin on

---

[2] Prior to amendment in 2005, 11 U.S.C. § 365(d)(4) provided:

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor. 11 U.S.C. § 365(d)(4) (2005).

4

October 1, 1999; that the parties agreed that the Debtors would make payments to the Ohio Department of Commerce, Division of Liquor Control, in lieu of rent; and that as of the filing of the bankruptcy petition, the Debtors had paid $15,000 to the Division, and were in arrears $12,000. The court rejected the Debtors' claim that they were entitled to offset against Chad's claim certain loans and services the Debtors had provided to Chad on the basis that the Debtors were under no legal obligation to provide such loans and services. Accordingly, the court allowed Chad's claim in the reduced amount of $12,000.

The Debtors filed a timely notice of appeal on October 10, 2006. They did not, however, seek or obtain a stay pending appeal. The Debtors completed the payments under their plan on June 4, 2007, and were granted a discharge on July 20, 2007. The Chapter 13 Trustee filed a certification of final payment which shows that Chad's claim was paid in full through the plan.

## IV.   DISCUSSION

Section 1329 of the Bankruptcy Code governs the modification of a confirmed chapter 13 plan. Modification is permitted at any time after confirmation but before the completion of payments under a plan. *See* 11 U.S.C. § 1329(a). Prior to completion of a plan, debtors have an absolute right to request modification "subject to the limits specified in Section 1329(a) and the bankruptcy court's good judgment and discretion." *In re Sounakhene*, 249 B.R. 801, 803 (Bankr. S.D. Cal. 2000) (*citing In re Powers*, 202 B.R. 618, 622 (B.A.P. 9th Cir. 1996)). Once a debtor has completed the payments required by his confirmed plan, however, the plan may no longer be modified. *See* 11 U.S.C. § 1329(a); *Meza v. Truman (In re Meza)*, 467 F.3d 874, 878 (5th Cir. 2006); *Profit v. Savage (In re Profit)*, 283 B.R. 567, 573 (B.A.P. 9th Cir. 2002).

The Debtors' plan was confirmed on April 17, 2002. The order appealed from was entered on October 3, 2006. No stay pending appeal was requested or obtained. Payments under the plan were completed on June 4, 2007. The Debtors were granted a discharge on July 20, 2007. Pursuant to the plain language of section 1329(a), because payments under the confirmed plan have been completed, the Debtors may no longer modify their plan. The Debtors' appeal seeking to overturn the bankruptcy court's order denying their motion to modify their confirmed plan is moot. "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (*citing S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 514, 31 S. Ct. 279, 283 (1911)). Because the Debtors' plan may no longer be modified, the Panel need not determine whether the lease should be deemed rejected pursuant to section 365(d)(4).

5

Further, Chad's allowed claim was paid in full during the pendency of this appeal. The Debtors conceded at oral argument that their appeal regarding Chad's claim is likewise moot.

## V.  CONCLUSION

For the foregoing reasons, the appeal is DISMISSED as moot.